Eleanor R. **HARRIS**, Appellant,

v.

**DISTRICT OF COLUMBIA**, Appellee.

No. 13922.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 5, 1957.

Decided Jan. 16, 1958.

**914**

Mr. DeLong Harris, Washington, D. C., for appellant.

Mr. Richard W. Barton, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

Before EDGERTON, Chief Judge, and WASHINGTON and BASTIAN, Circuit Judges.

EDGERTON, Chief Judge.

Appellant was convicted of vagrancy under D.C.Code (1951), Supp. V, § 22-3302(1), on an information which charged in the words of the statute that she was by confession or conviction "known to be a pickpocket, thief, burglar, confidence operator [or] felon", had no lawful means of support, and failed to give a good account of herself when found loitering. The Municipal Court of Appeals affirmed. The conviction rests on the theory that appellant was a known thief because she had once been convicted of "taking and carrying away of the property of another * * * without right * * *", which is a misdemeanor under D.C.Code (1951) § 22-1211.[1]

The vagrancy statute, because it defines a crime, must be construed narrowly in favor of the defendant. Construed narrowly, or even normally, the statutory word "thief" does not cover a person who has been guilty only of unauthorized borrowing. A thief has an intent to steal. Appellant had not been convicted of a crime involving that intent, and there was no evidence that she ever had that intent. There was therefore no evidence that she was "known to be a * * * thief" within the meaning of the vagrancy statute.

Taking and using an automobile without the consent of the owner, in violation of what is now D.C.Code (1951) § 22-2204, has been held to be "theft" within the meaning of an insurance policy covering "damage resulting from theft" of an automobile. Pennsylvania Indemnity Fire Corp. v. Aldridge, 73 App.D.C. 161, 117 F.2d 774, 133 A.L.R. 914. But that case has little bearing on this one, since insurance policies are construed broadly in favor of the insured, not narrowly in favor of the insurer.

We do not consider whether the other elements of vagrancy were present in this case.

Reversed.

---

1. The prosecution conceded this was appellant's only conviction. It follows that she had this conviction in mind when she told an officer, shortly after serving her sentence under it, that she had been in jail for "petit larceny".