**Eleanor R. HARRIS, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 3202.**

District of Columbia Court of Appeals.

Argued April 22, 1963.

Decided July 12, 1963.

William J. Garber, Washington, D. C., for appellant. William A. Bachrach, Washington, D. C., also entered an appearance for appellant.

David P. Sutton, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellant was found guilty of vagrancy under Code 1961, 22–3302(8), which deems as a vagrant:

"(8) Any person who wanders about the streets at late or unusual hours of the night without any visible or lawful business and not giving a good account of himself."

Appellant's claim of error is essentially that the evidence did not support the finding of guilt, and consideration of this claim requires recitation at some length of the testimony of the two police officers. Appellant did not take the stand and offered no evidence on her behalf.

Officer Johns testified that on June 13 at 11:50 p. m. he observed appellant standing at the corner of 15th and K Streets, N.W., in the company of a known prostitute, talking to a man; that, as he approached, they "broke up" and the man departed, that in answer to the officer's inquiry appellant gave her name and address, stated she was a housewife and was not employed, and said she had just come from a drug store where she had a cup of coffee. Upon further inquiry she admitted she had previously been arrested for prostitution and vagrancy. Officer Johns further testified that on June 27 he observed appellant at 1:40 a. m. at the corner of 14th and K Streets, N.W., in the company of another female, that they walked to the middle of the block where there was a parking lot and appellant went in between the cars on the lot, that in answer to his inquiry she said she had just come from a restaurant where she had had something to eat, that she had gone into the parking lot "for a walk" and that she lived at a northeast address.

Officer Smythe testified that on July 3 at 2:15 a. m. he observed appellant in a dark alley in the 1400 block of K Street in the company of a male and two other females, that appellant and the male hid in a doorway, and that when he questioned her she said she did not know the man and was

"just talking to him in the alley." The officer further testified that on July 6 at 2:30 a. m. he observed appellant standing on the corner of 14th and K Streets in the company of another woman, a known and convicted felon; that he observed her for about five minutes as he was seated in a scout car; that when he approached them in the car they hailed a cab, got in it and were driven away; that he followed the cab and stopped it about a block away; that he questioned appellant and she told him she was not employed, that she was a housewife and had been to a restaurant at 14th and K Streets. He then arrested her.

In Beail v. District of Columbia, D.C. Mun.App., 82 A.2d 765, 768, reversed on other grounds, 91 U.S.App.D.C. 110, 201 F.2d 176, we said:

> "Our statute is not to be construed as a curfew law, forbidding persons to be on the streets after a certain hour of the night. Officers of the law have no right to compel one to account for his actions merely because that person is on the streets at an unusual hour.
>
> "However, when one's wandering and conduct on the streets at late or unusual hours is such as to give reasonable grounds for belief that his purpose in being on the street is not a legitimate one, we think the law may validly require that he be called upon to account for his actions and deem his failure to give a good account as proof that his purpose on the street is not a legitimate one."

■ Applying that holding here we think there were ample grounds for appellant's arrest and conviction. Within a period of about three weeks appellant on four occasions at late hours was observed in a downtown area, many blocks away from her home. On one occasion she was talking to a male in a dark alley; on another she was walking in a parking lot. On one occasion she was in the company of a known prostitute; on another she was in the company of a convicted felon. Surely these circumstances gave reasonable ground for the belief that her presence on the streets was not for any legitimate purpose, and was sufficient justification for calling upon her to account for her actions. And the record shows she failed to give a good account. A good account is one that is reasonably credible. Harris v. District of Columbia, D.C.Mun.App., 132 A.2d 152, reversed on other grounds, 102 U.S.App. D.C. 202, 251 F.2d 913.

■ Appellant argues that because she was in a taxicab when the officer stopped her she was not then wandering about the streets and that he consequently had no right to stop and question her. We do not agree. The trial court could reasonably infer from the evidence that appellant's purpose in hailing and boarding the cab was an effort on her part to avoid questioning by the police. Under these circumstances the officer had the right to follow her, stop her and question her.

■ We repeat what has been said before. The purpose of the vagrancy statute is to prevent crime likely to flow from the vagrant's mode of life. District of Columbia v. Hunt, 82 U.S.App.D.C. 159, 163 F.2d 833, affirming Hunt v. District of Columbia, D.C.Mun.App., 47 A.2d 783. If an officer cannot arrest until a crime is actually committed the preventive purposes of the statute will wholly fail. Clark v. District of Columbia, D.C.Mun.App., 34 A.2d 711.

Affirmed.

QUINN, Associate Judge, dissents.