**Lee Roy FERGUSON, Appellant,**

**v.**

**DISTRICT OF COLUMBIA, Appellee.**

**No. 3574.**

District of Columbia Court of Appeals.

Argued Nov. 9, 1964.

Decided March 11, 1965.

William J. Garber, Washington, D. C., for appellant.

David P. Sutton, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

■ ■ Appellant was convicted of vagrancy under D.C.Code 1961, § 22–3302(1).[1]

Following the statutory language the information charged appellant as a vagrant, to wit: "a person known to be a pickpocket, thief, burglar, confidence operator and felon either by his own confession or by his having been convicted in the District of Columbia or elsewhere of any of said offenses," etc. The arresting officer, the government's only witness, testified he had never seen appellant in person before the arrest, "and the knowledge he had of the defendant was a record at the precinct on file which showed that the defendant was a convicted thief and felon." No record of any conviction was offered in evidence and there was no testimony of any admission by appellant of any prior conviction. Appellant did not testify and the question here is whether his motion for judgment of acquittal should have been granted.

Because "known" is sometimes used in the sense of "reputed," it appears to us that Congress has clearly and specifically provided that one comes within the purview of the statute only when he is *known* to be a "pickpocket, * * * felon" by either conviction or confession. Here there was no confession and no proof of any conviction. There was only the testimony of the officer that he had knowledge of (presumably had seen) a record at the precinct "which showed that the defendant was a convicted thief and felon." Many questions immediately arise. What was this record? Was it accurate? How did it show appellant was a convicted thief and felon? Was the officer giving only his conclusion as to what the record showed? Was his interpretation of the record a correct one? Other questions are suggested but need not be detailed.

The evidence fell short of establishing that appellant was known by conviction to

---

1. "Any person known to be a pickpocket, thief, burglar, confidence operator, or felon, either by his own confession or by his having been convicted in the District of Columbia or elsewhere of any one of such offenses or of any felony, and having no lawful employment and having no lawful means of support realized from a lawful occupation or source, and not giving a good account of himself when found loitering around in any park, highway, public building, or other public place, store, shop, or reservation, or at any public gathering or assembly."

be a thief or felon. "The best evidence that a person has been convicted is the record of conviction."[2]

██ The government urges that even if it failed to prove a conviction, there was a sufficient confession by appellant of being a felon. This argument rests on the of-ficer's testimony that when questioned appellant admitted being a user of narcotics and that he had had a "fix" on the preceding day. This was too indefinite to constitute a confession of being a felon.

Reversed with instructions to enter a judgment of acquittal.

2. 2 Wharton, Criminal Evidence § 598 (12th ed. 1955); See also, D.C.Code 1961, § 14–305 (Supp. IV, 1965); Cormier v. United States, D.C.Mun.App., 137 A.2d 212 (1957); Harris v. District of Columbia, 102 U.S.App.D.C. 202, 251 F. 2d 913 (1958).