**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frank Lester BROCK, Defendant-Appellant.**

**No. 26355.**

United States Court of Appeals Fifth Circuit.

Feb. 28, 1969.

L. Peter Johnson, Jacksonville, Fla., for defendant-appellant.

Edward F. Boardman, U. S. Atty., Gary B. Tullis, Asst. U.S.Atty., Jacksonville, Fla., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GOLDBERG, Circuit Judge:

Appellant, Frank Lester Brock, stands convicted of willfully and knowingly possessing fifty gallons of whiskey without tax stamps in violation of the Internal Revenue Code, 26 U.S.C.A. § 5205(a) (2) and 26 U.S.C.A. § 5604(a) (1). After a careful study of the briefs and record, we have determined that this appeal is appropriate for summary disposition without oral argument. Pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, the Clerk of this Court has been directed to put this case on the summary calendar and to notify the parties in writing.[1]

The facts of appellant's case are as follows. On June 9, 1967, agents of the Alcohol and Tobacco Tax Division placed certain premises in Duval County, Florida under surveillance. On June 14, 1967, the agents observed a 1959 Ford entering these premises and watched two men remove metal objects from the Ford and take them to a nearby outbuilding. On June 16, 1967, a search warrant for these same premises was obtained and surveillance activities were resumed. At approximately 9:15 p.m. a black and white 1955 DeSoto drove onto the premises and two men got out and began to load the automobile with 5 gallon containers taken from the outbuilding. After the vehicle had left, a search of the premises under authority of the search warrant revealed an illicit distillery in operation. The agents then transmitted to other agents in the area a description of the DeSoto, its occupants, and the illegal activities that had been observed. Ten minutes later two agents who had received this communication by radio spotted the wanted car. They pulled up alongside it and recognizing appellant called to him by his nickname. Appellant then threw his car into reverse and sped away. After a brief chase appellant was overtaken by the agents who had hailed him. The agents got out of their car and walked toward the DeSoto. As they approached they smelled the odor of moonshine whiskey and observed tin cans and plastic jugs in the back seat of the vehicle. Appellant was then placed under arrest.

1. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. For a general discussion of the need for and the propriety of summary review of certain appeals, see Groendyke Transport, Inc. v. Davis, 5 Cir. 1969, 406 F.2d 1158.

Appellant raises two issues on this appeal. His first contention pertains to testimony given by the government agents at his trial. He argues that these agents, when asked whether or not they knew the defendant, replied that they knew him well and that his nickname was "Buddy." No other details of their prior acquaintance with appellant were mentioned. Appellant nonetheless contends that these remarks alone were highly prejudicial. He asks us to regard them as tantamount to apprising the jury of appellant's prior criminal record. We are referred to Odom v. United States, 5 Cir.1967, 377 F.2d 853; United States v. Reed, 7 Cir. 1967, 376 F.2d 226; United States v. White, 7 Cir.1966, 355 F.2d 909 and Lott v. United States, 5 Cir.1955, 218 F.2d 675, cert. denied 1956, 351 U.S. 953, 76 S.Ct. 848, 100 L. Ed. 1477.

Appellant's authorities are not in point. The cases upon which he relies go far beyond the mere fact of acquaintance with officers of the law. They all involve some circumstance such as references to "mug shots," time spent in prison, or parole obligations which directly indicate the existence of prior convictions, or suspected criminal activity. Here no such circumstance appears.

■ Appellant would have us presume that policemen are on familiar terms only with known criminals. The facts of life are otherwise. The mere fact of a prior acquaintance with officers of the law is as consistent with perfectly innocent activities as it is with prior criminal conduct. In view of this fact, we find that prejudice can result from allusions to a defendant's prior acquaintance with the police only where it is coupled with some circumstance indicative of prior criminal activity, or where such allusion serves no legitimate purpose and is accompanied by innuendo. In the case before us the testimony of government agents was legitimately directed toward the issue of identification, and no prosecutorial bad faith was indicated. Under such circumstance we think the fair result was reached by the court in United States v. Robinson, 2 Cir. 1963, 325 F.2d 391, 395:

"While it would have been much better not to permit the prosecutor to bring out from the police witnesses how long they had known the defendants as that carried with it the implication of previous wrongdoing or the suspicion of it, we do not think that was prejudicial error here."

Appellant's second contention is also without merit. He appears to argue that since the agents of the Alcohol and Tobacco Tax Division could have arrested him on June 9, 1967, and June 14, 1967, their failure to do so indicated that the arrest was a mere pretext for the search of appellant's car and the seizure of the illegal whiskey. cf. McKnight v. United States, 1950, 87 U.S. App.D.C. 151, 183 F.2d 977; Walker v. United States, 5 Cir.1942, 125 F.2d 395.

The transparency of this argument is illustrated by the fact that the 1955 DeSoto in which the illegal whiskey was discovered was seen by the agents for the first time on the night of appellant's arrest. It is irrational to presume that the government agents would forego several opportunities to arrest in order to search a car they knew nothing about. Furthermore, it is far from clear that the activities observed by the government agents on the 9th and 14th of June provided sufficient probable cause for an arrest. While they had reason to be suspicious that a still was being assembled on the premises, these suspicions were not confirmed until they saw containers being loaded into the DeSoto on the night of the 16th. The fact that the agents on the scene preferred to search the premises pursuant to a valid search warrant, and have other officers make the arrest, in no way prejudiced the appellant or made for a want of probable cause. Here, as in Bruner v. United States, 5 Cir.1961, 293 F.2d 621, 622, cert. denied, 1961, 368 U.S. 947, 82 S.Ct. 388, 7 L.Ed.2d 343, the agents who made the arrest:

"* * * were informed that a car of a particular make, model, year and

color, would be in or coming from a location having a reputation for moonshine activity, driven by [the suspect] * * * and containing untaxed whiskey. This information supplied probable cause for following the [suspect's] car and upon it being stopped and [the suspect] being recognized, justified the search."

In the case before us, the information supplied to the arresting agents was confirmed by the flight of the appellant, the smell of moonshine, and the visible presence of containers in the back seat of the car. We therefore conclude that "The arrest was clearly valid as supported by probable cause and the mere fact that it was followed by a search does not compel the inference that the primary purpose of the arrest was to permit an otherwise unauthorized search." United States v. Costello, 2 Cir.1967, 381 F.2d 698, 700.

Since no error appears, appellant's conviction must be affirmed.

Affirmed.