Ignacio Wilkins CASTILLO, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 26232.

United States Court of Appeals
Fifth Circuit.

April 2, 1969.

**763**

Asst. U. S. Atty., Western Dist. of Texas, San Antonio, Tex., for appellee.

Before ALDRICH*, GODBOLD and DYER, Circuit Judges.

GODBOLD, Circuit Judge:

Castillo appeals from conviction on a jury verdict of two counts of possession of narcotics,[1] two counts of sale without a Treasury form[2] and two counts of sale without a stamped package.[3] We reverse.

There was testimony that on two successive nights an informer, Williams, accompanied by a government agent, Bustos, and under the surveillance of two other government agents, made the two purchases of narcotics from appellant which are the subject of this case. The buys took place under lighting conditions which made identification of the seller difficult, so that identification was a critical issue in the trial.

Agent Bustos testified that after the first buy he went to his agency's office and there was handed a file of photographs to look through. He thumbed through them until he found the picture of the man who had sold narcotics to Williams, and he identified him as the seller. The photograph depicted a person known to Agent Hambreck to be appellant. Identifying a photograph as depicting the seller, by searching a file of photographs in the possession of a law enforcement officer, was not impermissible and not objected to. But the subsequent testimony of Agent Hambreck concerning the same identification procedure requires reversal.

Hambreck was one of the agents who had maintained surveillance of the purchase site. He did not testify as to identity of the seller based on his observation at the scene. He testified that Williams and Bustos reported to him at his office after the first buy, and that he got out his files containing pictures of "known users" (of narcotics). Objec-

Edward P. Fahey, San Antonio, Tex., for appellant.

Ernest Morgan, U. S. Atty., Ted Butler, Asst. U. S. Atty., Warren N. Weir,

---

* Of the First Circuit, sitting by designation.

1. 21 U.S.C.A. § 174.

2. 26 U.S.C.A. § 4705(a).

3. 26 U.S.C.A. § 4704(a).

tion to this description of the pictures was overruled. Then Hambreck was allowed to describe the files as having been compiled by him in his narcotics work and as containing "photographs of various users of narcotics and marijuana in San Antonio, Austin, Houston, throughout the State of Texas, and places where I work." Objection to this description was overruled also. Hambreck described the separate and independent searches made of the photograph files by Bustos and Williams, each resulting in extraction of a photograph of Castillo as the seller. In so testifying Hambreck referred to the photographs as "mug shots."

What Hambreck was describing was the procedure by which witnesses' recollections of the seller were matched with a photograph depicting a person. Two witnesses, Bustos and Williams, acting independently, extracted the same photograph from the file. There was no issue of authentication, and neither the file nor the particular photograph was offered in evidence. Agent Hambreck either knew or ascertained that the person depicted was appellant and that he lived at the residence where the buy was made. Hambreck's testimony that the photograph depicted appellant was undisputed.

█ Hambreck's testimony describing the file of photographs searched by Bustos and Williams was inadmissible for more than one reason. His characterization of the file as containing "mug shots" depicting "known users" was not shown to relate to persons and events of which he had knowledge and thus was objectionable as hearsay. No exception to the hearsay rule was established under any official records rationale.

In addition the characterizations were wholly unnecessary and served no legitimate purpose. The earlier testimony of Bustos had demonstrated how the testimony could be handled, without prejudice to appellant, to achieve the legitimate purpose of coupling seller and photograph as the same person. Appellant's character was not in issue. The chain of proof from visual observation of the seller by the witness, to selection by the witness of a picture as one depicting the seller, to undisputed identification by another of the depicted image as that of a particular person who was then arrested, depended not at all on the source or character of the photograph but upon the witnesses' visual observation of it plus Hambreck's undisputed ascertainment that the picture they selected was of appellant.[4]

Appellant contends that the prosecution elicited from Agent Hambreck hearsay testimony to the effect that Williams (who did not testify) had told him that he had made the two purchases of narcotics from appellant. The matter arguably had been opened up by appellant's counsel. The government acknowledges in brief that the better practice would have been for it not to further inquire into the hearsay testimony. We assume this issue will not arise at another trial, so do not discuss it.

At each buy informer Williams approached appellant's residence and dealt

---

4. While we do not reach the point, appropriate proof that photographs are official records could, in a case like the one *sub judice*, bring them within an exception to the hearsay rule. But this alone would not eliminate the possibility of unnecessary prejudice. The possibility of prejudice could be eliminated or minimized by limiting description of the official photos to "photographs" or even "official photographs," without the use of pejorative language. If, in establishing the accuracy of a witness' recognition of a photograph as depicting the accused, an official photograph is displayed to the jury, prejudice could be minimized by removing or blacking out any portions that tend to show the person depicted had been charged with or convicted of other crimes. A photograph, official or unofficial, may be used as an evidentiary means of identificaton. But possible prejudice from its use should be eliminated where feasible and if it cannot be eliminated then minimized insofar as feasible. Cf. United States v. Brock, 5th Cir., 1969, 408 F.2d 322.

with a man through a window. One time Bustos remained in the car; the other time he was a few feet behind Williams. Bustos had never seen appellant before and did not know him. There were no lights, but it was not totally dark. Bustos testified that on each occasion the main basis for his ability to identify appellant was that Williams lit a cigarette, giving some illumination. Within from one to three days after each purchase Bustos prepared and signed a statement of the events of the purchase. These he turned over to the United States Attorney. Neither statement made any reference to Williams lighting a cigarette on either occasion.

Prior to trial appellant was accorded full discovery, and his counsel examined the government's file and obtained copies of the two statements. Appellant contends that it was a violation of due process for Bustos to testify to the critical matter of lighting a cigarette on each occasion when that was not mentioned in the statements, and without the illumination of the lighting process identification of the seller might have been impossible. The right to discovery of statements is not a guarantee that the statement is complete in all respects. There is no suggestion that the omission was itself an intentional suppression. Cf. Miller v. Pate, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690 (1967); Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed.2d 215 (1963); Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Ashley v. Texas, 319 F.2d 80 (5th Cir. 1963). Compare Alcorta v. Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9 (1957), holding that the prosecution may not direct witnesses not to volunteer or reveal statements which may be relevant to the defense. There was no evidence of any such action in the case before us. The omission from the statements were, of course, proper subject for impeachment of the agent, and the defense employed the statements for that purpose.

Reversed and remanded.