**UNITED STATES of America**

v.

**John W. McCORD, Appellant.**

**No. 22308.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 25, 1969.

Decided Dec. 1, 1969.

Petition for Rehearing Denied
Dec. 29, 1969.

---

1. Not counsel on this appeal.

Mr. Johathan E. Gaines, Washington, D. C., with whom Mr. Andrew J. Kilcarr, Washington, D. C. (both appointed by this court), was on the brief, for appellant.

Mr. John G. Gill, Jr., Asst. U. S. Atty., for appellee. Messrs. David G. Bress, U. S. Atty. at the time the record was filed, Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., also entered appearances for appellee.

Before BAZELON, Chief Judge, FAHY, Senior Circuit Judge, and ROBINSON, Circuit Judge.

BAZELON, Chief Judge:

Appellant was convicted by a jury of assault with a deadly weapon and carrying a dangerous weapon. 22 D.C.Code §§ 502 and 3204. On appeal, he has urged two points: 1) that the trial court misapplied the *Luck* rule on impeachment by a prior record, and 2) that he was denied a fair trial by the Government's failure to conduct a fingerprint test on the gun involved in the alleged assault.

## I.

Under Luck v. United States, 121 U. S.App.D.C. 151, 348 F.2d 763 (1965) and Gordon v. United States, 127 U.S.App. D.C. 343, 383 F.2d 936 (1967), "[t]he defendant who has a criminal record may ask the court to weigh the probative value of the convictions as to the credibility against the degree of prejudice which the revelation of his past crimes would cause; and he may ask the court to consider whether it is more important for the jury to hear his story than to know about prior convictions in relation to his credibility." 127 U.S. App.D.C. at 346, 383 F.2d at 939.

■ *Luck* issues loomed large at trial in the present case, which was in large measure a "credibility contest" between appellant and the five other persons who were with him when the assault occurred. Defense counsel attacked the credibility of the Government's witnesses by attempting to show that they were conspiring to "frame" appellant and by bringing out prior inconsistent statements to cast doubt on their veracity. From the transcript of the *Luck* hearing, it is apparent that this aspect of the case played a major role in the trial court's concluding that one of appellant's prior convictions could be introduced to impeach him. We agree with the trial judge that the pitched battle on the credibility point heightens the importance of the *Luck* ruling. We disagree with his conclusion, however, that "[t]he ruling on the *Luck* matter has nothing to do with the Defendant's right to take the stand." While, as a matter of law, a defendant is always vouchsafed the constitutional right to testify regardless of the trial court's grant or denial of his request for immunity from impeachment by his prior criminal record, as a practical matter an adverse ruling may effectively foreclose a defendant from taking the witness stand, lest his past misdeeds be his undoing at his present trial.

■ The prior record which the trial judge held admissible was a 1954 housebreaking and larceny conviction. A man who steals is not necessarily a man who lies. A conviction for housebreaking, unlike one for perjury or false pretenses, sheds little light on the likelihood that the accused has lied on the stand. The prejudicial propensity of past convictions demands that as the probative value of a conviction lessens, greater caution be exercised in admitting it into evidence and that the trial judge explain to the jury the lesser weight to be given the conviction in evaluating the witness' testimony.[1] Moreover, whatever the relevance of a *recent* housebreaking conviction, a housebreaking conviction which predated appellant's instant trial by nearly fourteen years is of doubtful significance. The trial judge's decision to admit the conviction was premised on his conclusion that the pertinent date for *Luck* considerations was 1965, when the appellant was released from prison. This misreads *Luck* and its progeny.[2] The prosecution is not permitted to introduce evidence showing a defendant's reputation for dishonesty generally. An exception is made for prior convictions which are probative on lack of credibility, on the premise that *as of the time of the act for which the defendant was convicted,* a jury had found him guilty of conduct which was illegal and which reflects on his trustworthiness.

■ We are not prepared, however, to say that the trial judge abused his discretion in the present case. Appellant's trial counsel apparently agreed,

---

1. *See* Junior Bar Association, Model Criminal Jury Instructions #21 & 24 (D.C. 1966), which may require amplification along the lines suggested here.

2. For example, earlier this year in United States v. Coleman, 136 U.S.App.D.C. ——, 420 F.2d 1313 at 1315 (July 11, 1969) we noted that in exercising his discretion under *Luck* the trial judge should consider "the remoteness, in point of time, of a conviction." (Emphasis added).

for he made no objection to the ruling. Moreover, the *Luck* ruling did not discourage the appellant from testifying. Indeed, defense counsel, not the Assistant United States Attorney, introduced the 1954 conviction, thereby softening its impact on the jury.[3] Therefore, we conclude that appellant's conviction is not undercut by reversible error.

## II.

■■ Due process is violated when the Government suppresses material evidence in its possession which is favorable to the defendant. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 70 L. Ed.2d 215 (1963); Levin v. Katzenbach, 124 U.S.App.D.C. 158, 363 F.2d 287 (1966). We need not reach appellant's contention that this doctrine was violated here by the failure of the police to conduct a fingerprint analysis of the gun on their own initiative, because appellant himself admitted that he and others had handled the weapon.

Affirmed.

---

**3.** Defense counsel had appellant admit his prior conviction as part of the series of standardized questions (name, address, etc.) with which direct examinations begin.