**UNITED STATES of America**

v.

**William T. CARR, Appellant.**

**No. 22373.**

United States Court of Appeals District of Columbia Circuit.

Argued May 6, 1969.

Decided July 22, 1969.

Certiorari Denied Jan. 12, 1970. See 90 S.Ct. 590.

Mr. Murray K. Josephson, with whom Mr. Stephen H. Friedlander, Washington, D. C. (both appointed by this court), was on the brief, for appellant.

Mr. James S. Reynolds, Atty., Dept. of Justice, with whom Messrs. David G. Bress, U. S. Atty., at the time the brief was filed, and Frank Q. Nebeker, Asst. U. S. Atty., at the time the brief was filed, were on the brief, for appellee.

Before BURGER,* LEVENTHAL and ROBINSON, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction by a jury for two charges of unauthorized use of an automobile in violation of 22 D.C.Code § 2204 (1967). We affirm, concluding first that the trial court properly denied defendant's motion for a directed verdict of acquittal, and second that there was no error affecting substantial right in the convictions permitted for impeachment of defendant as a witness.

■ 1. *Sufficient Evidence for the Jury*: On a motion for acquittal, the trial judge and the court on appeal must look at the evidence in a light most favorable to the Government.[1] Testimony of the Government witnesses implicated defendant.[2] It is clear that a jury of reasonable minds might fairly conclude guilt beyond a reasonable doubt.[3]

■■ 2. *The* Luck *Issue:* We agree with the trial judge's characterization that this was a case turning essentially on the credibility of the appellant in regard to his asserted defenses of alibi and mistake of fact. Prior to appellant's taking the stand, the court considered what convictions might be used to impeach him. The Government proposed as impeachment two convictions for unauthorized use of a vehicle, two convictions of petit larceny, and one for taking property without right. On protest by defense counsel, the court precluded use as impeachment of the conviction for unauthorized use. But it permitted use of the other convictions as impeachment.

Both Luck v. United States, 121 U.S. App.D.C. 151, 157, 348 F.2d 763, 769 (1965), and Gordon v. United States, 127

---

* Circuit Judge Burger (now Chief Justice) did not participate in the disposition of this case.

1. Crawford v. United States, 126 U.S.App. D.C. 156, 375 F.2d 332 (1967).

2. Supporting the first charge of unauthorized use was the following: The car owner testified her car was taken without her permission from the Colonial Parking Garage. The parking garage manager testified he saw the car driven out of his garage at a rapid speed by the defendant, whom he positively identified in court. Supporting the second charge was similar testimony of another car owner, and again testimony by the manager, except that this time defendant was apprehended trying to leave the garage.

Appellant's defense to the first charge was the alibi testimony of his wife, corroborated by his own testimony, that on the day of the crime he had gone home early, before the time the car was taken, and he had not worn a jacket that the driver was described as wearing. The defense to the second charge was that a fellow employee had told appellant to go over and get his car, and that appellant had gotten the wrong car by mistake. Appellant could not locate this employee either immediately after the crime, nor by the time of trial.

3. Curley v. United States, 81 U.S.App. D.C. 389, 160 F.2d 229 (1947), cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947).

U.S.App.D.C. 343, 347, 383 F.2d 936, 940 (1967), cert. denied, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968), establish that the nature of the crime is *important in considering whether or not a* prior conviction may be used for impeachment. The court may be called upon to "weigh the probative value of the convictions as to the credibility against the degree of prejudice which the revelation of his past crimes would cause." [4] Acts of "deceit, fraud, cheating, or stealing" have been considered as universally reflective of poor character and diminished honesty and integrity.[5]

Under these guidelines the trial judge was clearly correct in permitting use of the larceny convictions for impeachment in this case, since this is a crime reflective of diminished honesty and integrity. The misdemeanor of taking property without right is not, however, to be equated with larceny or other charges of dishonest conduct properly related to credibility. This misdemeanor has been distinguished from larceny, in that "proof of a specific criminal intent to deprive an owner of his property permanently is absent." [6] It has been held even not to be the act of a "thief" in certain criminal context.[7] While "joyriding" is conduct that may not be tolerated lightly, it has elements bringing it within the category of "impulsive" crimes and should not be deemed the kind of larcenous act that is routinely considered to reflect on credibility and hence constitutes permissible impeachment. A determination to dispense with this offense for impeachment is especially ap-

propriate where, as here, the offense was committed by the appellant eight years ago, while still in his teens.

Yet this particular question was not focused for the trial judge. The trial transcript reveals that the defense attorney raised no specific objections to the use of the taking property without right for impeachment.[8] The trial judge conscientiously tried to apply *Luck* and *Gordon,* and did exclude the unauthorized use convictions in accord with the wishes of defense counsel. We see no error affecting substantial rights of the appellant.

Affirmed.

4. Gordon v. United States, *supra,* 127 U.S. App.D.C. at 346, 383 F.2d at 939.

5. Id. at 347, 383 F.2d at 940.

6. Harris v. District of Columbia, D.C.Mun. App., 132 A.2d 152, 154 (1957), reversed on other grounds, 102 U.S.App.D.C. 202, 251 F.2d 913 (1958).

7. Harris v. District of Columbia, 102 U.S. App.D.C. 202, 251 F.2d 913 (1958).

8. Defense trial counsel stated his position that impeachment with the two unau-

thorized use convictions would present insurmountable prejudice, and defendant would not go on the stand if faced with these. The court asked whether Carr would be prevented from taking the stand if these two were eliminated allowing impeachment on petit larceny. The defense attorney answered defendant would take the stand. The judge then said he would permit the two petit larcenies and the taking without right. Defense counsel thanked him and made no further objection or suggestions.