**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Leroy BELL, Defendant-Appellant.**

**No. 28039**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 4, 1970.

Rehearing Denied May 20, 1970.

---

Nathan Greenberg (court appointed), Roger Dallam (appointed co-counsel), Gretna, La., for defendant-appellant.

Louis C. La Cour, U. S. Atty., Horace P. Rowley, III, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM.

■ This is an appeal from a conviction for theft of goods from an interstate shipment, 18 U.S.C. § 659.[1]

■■ There was no motion for judgment of acquittal either at the conclusion of the government's case or at the close of all the evidence. Therefore, the conviction can be reversed on grounds of insufficiency of the evidence only if the conviction results in a manifest miscarriage of justice. Fitzpatrick v. United States, 410 F.2d 513 (5th Cir. 1969). There was no such manifest miscarriage in this case. Had a motion been made the evidence was sufficient for the case to be submitted to the jury on the theory that appellant was in joint or constructive possession of the large box of stolen goods although his friend and codefendant, who was walking beside him, was carrying the box unassisted.

■ During examination by the government of a store detective, the witness, in the process of explaining an answer, volunteered the information that he had been carrying in his pocket for six months a "photograph or mug shot" of appellant. The prosecutor had not sought to elicit such a response. The court denied appellant's motion for mistrial and forthwith, and clearly and firmly, instructed the jury that appellant was on

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804, (5th Cir. 1969), and Huth v. Southern Pacific Company, 417 F.2d 526 (5th Cir. 1969).

trial only for the matter charged in the information and that they should disregard the answer and give it no consideration. The denial of the motion was not reversible error. *Cf.*, Castillo v. United States, 409 F.2d 762 (5th Cir. 1969), in which photographs were described by a government witness as pictures of "known users" of narcotics, and as "mug shots," and defense objections thereto were overruled.

Affirmed.