**UNITED STATES of America**

v.

**Charles E. WHITE, Appellant.**

**No. 23041.**

United States Court of Appeals,
District of Columbia Circuit.

Argued April 15, 1970.

Decided May 22, 1970.

Mr. Howard B. Silberberg (appointed by this court), for appellant.

Mr. John O'B. Clarke, Jr., Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and Daniel Harris, Asst. U. S. Attys., were on the brief, for appellee.

Before LEVENTHAL, ROBB and WILKEY, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment imposing concurrent sentences following convictions for unauthorized use of a vehicle, and assault upon a police officer, see 22 D.C.Code §§ 2204, 505(a). The only question meriting discussion is the *Luck* issue. The trial judge, in our view, exercised the kind of discretion evisaged by Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965), and we affirm.

The trial judge heard argument from counsel on whether the government should be permitted to impeach defendant as a witness. The judge took into account that the case involved a question of credibility in the conflict of testimony between defendant and at least one police officer. The prosecution screened out of a 4-page list a group of five offenses which it proffered for impeachment. The most recent, a 1966 offense, was eliminated from consideration when defense counsel brought out that one charge was nolle prossed, and the other was reversed on appeal.

The prosecution submitted that in view of defendant's extensive record the government should be allowed to introduce as impeachment at least one conviction going to credibility, and stated that if permitted it would elect to use a 1963 conviction for attempted housebreaking. The court heard argument solely as to the 1963 conviction, stating it did not intend to allow use of the

other and older convictions listed by the prosecution.[1] The court first asked defense counsel to make certain that it was a "solid conviction."

On argument defense counsel contended that impeachment through that conviction would show solely that defendant was a "bad sort" rather than relate to his credibility as a witness. The court asked: "Doesn't any crime of dishonesty have something to do with credibility?" Defense counsel replied that this was true only in abstract sense. The court permitted impeachment solely with this 1963 conviction.

■ On appeal it is urged that housebreaking (and attempted housebreaking) is not the kind of crime which may properly be used for impeachment. We find no error. In *Gordon*[2] and subsequent opinions,[3] this court has held that the kind of crime involved affects availability for impeachment, but has pointed out that at least as a rule of thumb convictions resting on dishonest conduct like stealing relate sufficiently to credibility to be usable for impeachment, even though not so directly related to the likelihood of false testimony as a conviction for, say, perjury or obtaining money under false pretenses.[4]

■ Appellate counsel stresses that a conviction for housebreaking may relate to assaultive conduct, e. g., a housebreaking with intent to commit rape. A prosecutor should not offer such a conviction in view of the *Gordon* rule.[5] Most housebreakings, however, are with the intent to steal. The record makes clear that all concerned, the prosecutor, defense counsel, and the court understood that this 1963 attempted housebreaking conviction reflected an attempt to enter with the intent to steal. A larcenous intent was reflected in the defendant's background (see note 1). It was reasonable under the circumstances to expect defense counsel to make appropriate explanation if the 1963 housebreaking charged a non-larcenous intent. No such claim was made at trial.

Affirmed.

---

1. These were a 1959 conviction for unlawful entry, a 1959 conviction for housebreaking, and a 1960 conviction for housebreaking and larceny.

2. Gordon v. United States, 127 U.S.App.D.C. 343, 346, 383 F.2d 936, 939 (1967), cert. denied, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968).

3. Gass v. United States, 135 U.S.App.D.C. 11, 416 F.2d 767 (1969); United States v. Carr, 135 U.S.App.D.C. 348, 418 F.2d 1184 (1969), cert. denied, 396 U.S. 1030, 90 S.Ct. 590, 24 L.Ed.2d 525 (1970).

4. McCord v. United States, 137 U.S.App.D.C. 5, 420 F.2d 255 (1969).

5. In Gordon v. United States, *loc. cit. supra* note 3, Judge Burger set forth the "rule of thumb" thus:

In considering how the District Court is to exercise the discretionary power we granted, we must look to the legitimate purpose of impeachment which is, of course, not to show that the accused who takes the stand is a "bad" person but rather to show background facts which bear directly on whether jurors ought to believe him rather than other and conflicting witnesses. In common human experience acts of deceit, fraud, cheating, or stealing, for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity. Acts of violence on the other hand, which may result from a short temper, a combative nature, extreme provocation, or other causes, generally have little or no direct bearing on honesty and veracity. A "rule of thumb" thus should be that convictions which rest on dishonest conduct relate to credibility whereas those of violent or assaultive crimes generally do not; traffic violations, however serious, are in the same category. The nearness or remoteness of the prior conviction is also a factor of no small importance. Even one involving fraud or stealing, for example, if it occurred long before and has been followed by a legally blameless life, should generally be excluded on the ground of remoteness. (Footnote omitted)