**UNITED STATES of America**

v.

**Ernest E. SIMPSON, Appellant.**

**UNITED STATES of America**

v.

**Clarence E. WILLIAMS, Appellant.**

**Nos. 23269, 23270.**

United States Court of Appeals, District of Columbia Circuit.

Argued May 22, 1970.

Decided Nov. 17, 1970.

Petition for Rehearing Denied March 15, 1971.

Fahy, Senior Circuit Judge, concurred in part and dissented in part and filed opinion.

Mr. William J. Fitzgerald, Washington, D.C., (appointed by this Court) for appellant in No. 23,269.

Mr. John A. Shorter, Jr., Washington, D.C., for appellant in No. 23,270.

Mr. Philip L. Cohan, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and James E. Kelley, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and ROBINSON and WILKEY, Circuit Judges.

PER CURIAM:

The two appellants were charged with second degree burglary[1] and grand larceny[2] arising out of an apparent theft from a midtown Washington jewelry store. Both were convicted of burglary but found not guilty of grand larceny. We affirm.

■ Appellants urge an apparent inconsistency in the jury verdict. But since the missing jewelry was never recovered, it is clear that the jury could have found that the value of that taken by the two appellants and their missing accomplice was less than the value required for grand larceny, or indeed that the missing jewelry had not been taken by the appellants at all, even though the jury was certain that appellants had burglarized the jewelry showcase by cutting a hole through the glass and attempting to remove jewelry.

■ Nor was there error in giving the so-called *Allen*[3] charge as part of the District Court's original charge to the jury. Whatever objections may be made to the *Allen* charge under certain circumstances, those objections have even less force when the *Allen* charge is given originally rather than later in an effort to pry a verdict out of a deadlocked jury. In one form or another it has been frequently approved by this court.[4]

The trial court conducted a *Luck*[5] hearing, in which it was advised that from 1959 to the date of this offense appellant Simpson had been convicted of larceny twice and of robbery once. When he took the stand the Government sought and was permitted to introduce only the latest offense of robbery in 1962, some seven years before this trial, as bearing on honesty and veracity. Appellant Simpson contends the previous conviction was too remote and too prejudicial in relation to its probative value on appellant's credibility, with which our dissenting colleague agrees.

■ We think the evidence of conviction of robbery was properly allowed for

---

1. 22 D.C.Code § 1801(b).

2. 22 D.C.Code § 2201.

3. Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

4. *See* United States v. Johnson, 139 U.S. App.D.C. 193, 432 F.2d 626 (1970) where this court said that the form of the *Allen* charge suggesting that jurors advocating a minority position ought to reassess their findings in light of the conclusion of the majority was "not necessarily, or even likely, to be coercive * * *." (at 633.) Our basis in that opinion for suggesting the adoption of the recommended version of the ABA Project—which excludes the majority-minority language—was the promotion of the efficient administration of justice by avoiding "recurring controversies, turning upon subtle questions of coercion in the context of each case." (at 633). Thereafter we exercised our supervisory powers, *prospectively*, to require compliance with the ABA recommendations in the District Court. United States v. Thomas, No. 22,768 (D.C.Cir., 6 Nov. 1970).

5. Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965).

impeachment purposes, and the trial judge instructed the jury it was to be considered only as bearing upon the appellant's credibility on the witness stand. A rule disallowing such conviction evidence would enable an accused to appear as a person whose character entitled him to complete credence, when the facts of his life are to the contrary. Excluding such evidence would also deny a valuable argument to the witness accused who has no prior record.

The trial judge here exercised his discretion after a careful review of relevant factors. It is difficult to reverse the District Court's decision on the ground he abused his discretion, when his determination was well within the parameters established by Congress for this jurisdiction, effective 1 February 1971. Section 14–305 of Title 14 of the District of Columbia Code will then provide that "for the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a criminal offense shall be admitted if offered, * * * only if the criminal offense * * * involved dishonesty or false statement (regardless of punishment." [6] And this is in accord with the standard of the proposed Rules of Evidence for the United States District Courts and Magistrates, March 1969 draft of Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, Rule 6–09(a).[7] Appellant Simpson's previous offense of robbery involved dishonesty, and was therefore admissible and relevant to his credibility when Simpson essayed the role of witness.

As to the remoteness of the conviction, we observe that the trial judge was equally within the standard of Section 14–305 which will provide (effective 1 February 1971):

> No evidence of any conviction of a witness is admissible under this section if a period of more than ten years has elapsed since the later of (i) the date of the release of the witness from commitment imposed for his most recent conviction of any criminal offense, or (ii) the expiration of the period of his parole, probation, or sentence granted or imposed with respect to his most recent conviction of any criminal offense.

We note that appellant Simpson had been incarcerated for the 1962 robbery until eight months prior to the burglary for which he was convicted. While this court has previously considered, as our dissenting colleague points out, that remoteness should be measured from the date of the previous conviction, not release, the new congressional standard will measure remoteness from the date of release from his most recent conviction. Appellant here had demonstrated his capacity to lead a blameless life for only eight months until his participation in this offense. The preliminary draft of proposed Rules of Evidence for the United States District Courts, Rule 6–09(b), is also in complete accord with

---

6. Section 14–305 currently is silent on the types of convictions which may be offered into evidence to affect the credibility of a witness. The more specific language of this section was enacted in the District of Columbia Court Reform and Criminal Procedure Act of 1970, 29 July 1970, 84 Stat. 550, Pub.L. 91–358, § 133, eff. 1 Feb. 1971.

7. Rule 6–09(a) reads:
   GENERAL RULE. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (2) involved dishonesty or false statement regardless of the punishment.

the standard adopted by Congress for the District of Columbia.[8]

On any standard, the trial judge was well within the bounds of his reasonable discretion here. As a practical matter, if we were to conclude the trial judge had abused his discretion on the basis of any standard of admissibility for impeachment purposes enunciated by this court, and were to remand for a new trial, the case would probably not come before the District Court until after 1 February 1971, at which time the District Court would be compelled to follow the new statutory standard.

Convictions of both appellants are hereby

Affirmed.

FAHY, Senior Circuit Judge (concurring in part, dissenting in part):

I concur in affirmance of the conviction of Williams. In the case of Simpson, however, a contention is made which I think requires reversal.

The evidence against Simpson consisted primarily of the testimony of one witness, a police officer who was some distance from the scene. Though appellants were arrested immediately after the incident, none of the jewelry which the testimony indicated had been stolen was found. There was a "third man", however, who was not apprehended. In any event the jury acquitted Simpson of grand larceny,[1] at the same time convicting him of second degree burglary, indicating that the conviction may have been the result of compromise due to doubts on the part of some jurors. In these circumstances, I think that the admission of the 1962 robbery conviction at this 1969 trial might well have affected the jury's appraisal not simply of Simpson's credibility, as to which alone it could be admitted, but of his guilt of the burglary charge, as to which it could not be considered. While the court correctly instructed the jury on the limited use it was entitled to make of the 1962 conviction, it is plain to me as it has been to many judges and commentators, see my opinion in United States v. Bailey, 138 U.S.App.D.C. 242, 246–248, 426 F.2d 1236, 1240–1242 (1970), that evidence of such a prior conviction cannot be said to be limited in its impact upon a jury to the defendant's credibility. Rather it inevitably influences the jury generally to the effect that he is again guilty as he had been before.

It is the extent of the prejudice that the prior conviction creates on the issue of present guilt, not that the conviction does not bear on credibility, as I assume it does, that for me has been the test of its admissibility. I would have no problem if the effect could be limited to credibility. But when evidence of the prior conviction has the additional prejudicial effect for which it is not admissible, I do have a problem which requires me to reach a judgment whether the prejudice arising from its nonadmissible use outweighs its usefulness for the purpose for which it is admissible. The trial court carefully considered the several factors bearing upon the exercise of the discretion held in *Luck* to reside in the court to admit or exclude the evidence. I do not find error in the manner in which the court approached the *Luck* problem. Yet I cannot agree with the conclusion reached. I think it was a serious error to permit the robbery conviction of 1962 to be brought before the jury in this trial held in 1969. The robbery convic-

---

8. Rule 6–09(b) reads:

> TIME LIMIT. Evidence of a conviction under this rule is inadmissible if a period of more than 10 years has elapsed since the date of the release of the witness from confinement, or the expira-

tion of the period of his parole, probation, or sentence, whichever is the later date.

1. The jury reached this verdict notwithstanding testimony that the jewelry was of the value of $2,000.00.

tion was both remote in time [2] and similar to the charge on trial, each of which factors weighs against its admissibility. Gordon v. United States, 127 U.S.App. D.C. 343, 347, 383 F.2d 936, 940 (1967), cert. denied, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968). Moreover, the case obviously was one in which the defense was under great need to place the defendant on the stand, since it had no other witness to give to the jury the defendant's version of what transpired. With all respect, I think that the prejudice resulting from the evidence of the 1962 robbery conviction outweighed its usefulness on the issue of the defendant's credibility.[3] *Cf.* United States v. Bailey, *supra.*

Under the terms of the District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L.No.91–358, § 133, 84 Stat. 550 (to be effective February 1, 1971), referred to by my brethren, it appears no discretion will be left to the trial judge to admit or not a prior conviction coming within the criteria of the Act, regardless of the court's view of the effect on the fairness of the trial. Simpson is entitled, however, to have us review his trial under the rules of evidence applicable when he was tried. Were his present conviction reversed, as I think should be done, and were he retried after February 1, 1971 and testified again, the new statute would no doubt be invoked against him unless a certificate of rehabilitation referred to in the statute were available to him.[4] I do not speculate, however, as to what course would be pursued at the trial, or upon our review of it if a conviction resulted and it were appealed.

2. Appellant was incarcerated following his 1962 conviction until July 19, 1967, eight months prior to the offense on trial. Yet this fact does not mitigate against the remoteness of the previous conviction. In United States v. McCord, 137 U.S. App.D.C. 5, 7, 420 F.2d 255, 257 (1969), we said that such a determination is to be made from the time of conviction, not from the date when the accused is released from prison.

3. As to the comment of my brethren that the admission of defendant's record strengthens the credibility standing of a witness without a record, I do not understand that the evidentiary rule rests upon such a premise.

4. The statute does not itself clarify the method by which such a certificate can be made available.