**UNITED STATES of America**

v.

**Ollie BABER, Jr., Appellant.**

**No. 24289.**

United States Court of Appeals,
District of Columbia Circuit.

July 19, 1971.

Certiorari Denied Nov. 16, 1971.

See 92 S.Ct. 324.

**1268**

Mr. Samuel H. Depew, Washington, D. C. (appointed by this court) was on the brief for appellant. Mr. Charles T. Kappler, Washington, D. C. (appointed by this court) also entered an appearance for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry and Julius A. Johnson, Asst. U. S. Attys., were on the brief for appellee. Mr. Henry F. Greene, Asst. U. S. Atty., also entered an appearance for appellee.

Before LEVENTHAL, ROBB and WILKEY, Circuit Judges.

PER CURIAM:

The simple facts are these. The victim and complaining witness was accorded a ride in a car driven by appellant and in which another man was riding. Instead of dropping the new passenger at his desired disembarkation point, the pair took the victim to a lonely spot and proceeded at gunpoint to dispossess him of all valuables. The victim identified appellant by examining the police collection of protographs. Appellant was apprehended, and after trial convicted of robbery,[1] from which he appeals.

Appellant's points are relatively clear-cut and the answers equally so. We discuss them only because this case was decided without oral argument, and it is so representative of the type case heard solely on the briefs under our screening program eliminating oral argument in some cases, a procedure which has been challenged by appellant here.

1. Appellant's principal defense witness [2] Williams was impeached both by admission in evidence of a robbery conviction of 1967 and a contradic-

1. 22 D.C.Code § 2901.

2. Another error is alleged in regard to this particular witness. He was introduced into the courtroom through the door behind the trial judge, which is said to lead to the cell-block, rather than being brought in through the main door through which the public and witnesses generally enter. The doors behind the bench in our District courtrooms lead to several places, including the cell-block, the judges' chambers, the jury room, and witness rooms. We see no prejudice in the witness entering from any point. The witness was not handcuffed, although he was accompanied by a U.S. marshal. We see no prejudice in this as marshals, bailiffs, and other court functionaries are frequently used to direct and accompany witnesses into the courtroom.

tory statement given to a police officer less than 24 hours before. The trial court properly held a discussion at the bench over the application of the *Luck* rule. The appellant argues that the *Luck* ruling permitting use of the 1967 robbery conviction was erroneous, because "the witness, Mr. Williams, was convicted of robbery in 1967 and not upon a crime of dishonest conduct." We had always assumed that robbery demonstrates some traces of dishonesty, involving as it does an intent to steal, thus permitting its use for impeachment.[3] While we have frequently cautioned that the trial judge must weigh carefully the possible prejudice *to the accused* when the accused is the witness and the previous conviction used for impeachment purposes is the same crime as that of which the accused is presently charged, the rule requiring judges to avoid the prejudice to a defendant-witness through impeachment by similar crimes does not involve the same prejudice, of possible conviction, or require the same special efforts, in the case of witnesses who are not on trial.[4]

Furthermore, while on this appeal appellant was entitled to the standard of admissibility in effect in this Circuit at time of trial, as a cautionary note for the future we point out that since 1 February 1971 admissibility of previous convictions for impeachment purposes, whether the witness is the accused or another, has been governed by statute, which in relevant part provides:

> * * * for the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a criminal offense shall be admitted if offered * * * if the criminal offense (A) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (B) involved dishonesty or false statement (regardless of punishment).[5]

On any remand for new trial, which appellant seeks, the trial court would at this time apply the new statute.

■ 2. The prosecution had taken the precaution of interviewing the prospective defense witness Williams in the cell-block the night before. When Williams testified that the complaining victim was a dope pusher, the police officer was called to the stand, testified as to his conversation with Williams, and in the interest of accuracy read the questions and answers of his interview the night before, in which the witness Williams had squarely stated that he had never seen or known of the complaining witness selling dope to anybody. Appellant's counsel argues that because the Q & A statement, copy of which was given to appellant's trial counsel, was marked as a government *exhibit for identification*, it was therefore admitted in evidence and available to the jury. Appellant cites no record evidence whatsoever that the document itself was ever offered in evidence, and the Government flatly denies that it was. There is quite a distinction between a document being marked for identification in order that a witness may be questioned about it, and, on the other hand, the document itself being offered, admitted in evidence, and permitted to go to the jury. There was no objection at the trial to the police officer's reading the questions and an-

---

3. Bowles v. United States (en banc), 142 U.S.App.D.C. 26, 32, n. 7, 439 F.2d 536, 542, n. 7 (1970), cert. denied, 401 U.S. 995, 91 S.Ct. 1240, 28 L.Ed.2d 533 (March 29, 1971).

4. "The ruling establishing a discretion in the trial judge is applicable to all witnesses," taking into account the undeniable fact that "[t]here is some difference between witnesses in regard to the risk to which they may be exposed" which may give rise to "cases where a trial judge should make distinctions in his impeachment rulings." Davis v. United States, 133 U.S.App.D.C. 167, 170, 171, 409 F.2d 453, 456, 457 (1969). And *see* Gordon v. United States, 127 U.S.App.D.C. 343, 347, 383 F.2d 936, 940 (1967), cert. denied, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968).

5. 14 D.C.Code § 305(b) (1). *See* United States v. Simpson and Williams, 144 U.S. App.D.C. —, at — – —, 445 F.2d 735, at 736-738 (November 17, 1970).

swers, which he testified were taken directly verbatim from his notebook.

■ 3. Appellant also claims error in the instructions of the trial judge in defining "reasonable doubt." This instruction was couched in language identical with the recommended model instruction of the District of Columbia Junior Bar Association, which has been approved by this court in several cases.[6] While we do not of course rule that this model instruction is applicable verbatim to every case, it was here. Furthermore, appellant's trial counsel did not object or comment regarding this charge; thus under Fed.R. Crim.P. 30 the point is not available on appeal.[7] This is not a case of plain error affecting substantial rights.

■ 4. As a final point appellant urges that the evidence was insufficient and that the court should have ruled *sua sponte* for acquittal at the end of the Government's case. The only issue in the trial appears to be the question of credibility of the witnesses, which is clearly for the jury. The victim testified he had been robbed at gunpoint; the defendant admitted he gave the complaining witness a ride but denied robbing him. Again, no motion for an acquittal was made by appellant's trial counsel at the close of the Government's case nor at the close of all the testimo-

ny. This point is not available on appeal.[8]

■ 5. We have discussed the above simple points at some length to show why we did not consider oral argument warranted in this case. Pursuant to our practice in this jurisdiction, the briefs and record were studied by the panel of three judges assigned. The panel unanimously agreed that the issues raised did not merit oral argument and appellate counsel was therefore notified that under General Rule 11(e) the case was removed from the argument calendar. Counsel filed a motion to reconsider our order, which motion is provided for by Rule 11(e), and asked that the case be restored to the calendar.

Appellant's counsel did not urge upon us any new matter not covered in his original brief and reply brief, nor did he shed further light as to why oral argument would be beneficial on the points already raised. His assertion in effect is that appellant has an absolute right to oral appellate argument under the Fifth Amendment to the Constitution and those Supreme Court decisions dealing with the "critical stages" of the criminal process.[9]

We do not derogate the importance that oral argument may have in many, perhaps most, cases; but there are cases in which it is reasonably certain from

---

6. Junior Bar Section of D.C. Bar Ass'n, Criminal Jury Instructions, Instruction No. 9 (1966).

7. Fed.R.Crim.P. 30 reads, in pertinent part:

    The court shall inform counsel of its proposed action * * * prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * *

8. The law seems well settled that in the absence of a motion for acquittal under Fed. R.Crim.P. 29, contentions of insufficient evidence made by appellants tried before juries will be considered only to prevent

manifest miscarriage of justice. United States v. Pitts, 428 F.2d 534 (5th Cir. 1970); United States v. Ingman, 426 F.2d 973 (9th Cir. 1970); United States v. Bell, 423 F.2d 1062 (5th Cir. 1970); Tanner v. United States, 401 F.2d 281 (8th Cir. 1968), cert. denied, 393 U.S. 1109, 89 S.Ct. 922, 21 L.Ed.2d 806 (1969); Maxfield v. United States, 360 F.2d 97 (10th Cir. 1966). We find no such circumstances in the case before us.

9. Appellant's counsel cites in support of his motion for reconsideration the Supreme Court decision in Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), "[holding that] a preliminary hearing is a 'critical stage' of the State's criminal process at which the accused is 'as much entitled to such aid (of counsel) * * * as at the trial itself.'"

the record and the briefs of the parties that no useful purpose would be served by devoting the court's time and that of both prosecution and defense counsel to an oral hearing. This case is clearly one of that type. And, contrary to argument of appellate counsel, there is no constitutional right to an oral argument on appeal.[10]

For the information of the bar, we note that our court has exercised its discretion not to hear oral argument sparingly. Since the inauguration of the so-called screening program, 18-plus percent of all cases scheduled for oral argument have been removed from the hearing calendar. In each instance counsel was notified in advance, as in this case, of the removal from the hearing calendar, thus giving counsel time to object and to cite reasons why oral argument would assist in the disposition of the case. No reason, except an alleged absolute constitutional right to an oral hearing, was cited here, and that in our opinion does not exist.

We further note that the unanimous agreement of the three judges assigned to the panel is required to remove a case from the calendar and to decide it without oral argument, whereas after an oral hearing the vote of two judges is sufficient for decision. In this case appellant's arguments received the consideration of three judges, who were unanimous in their opinion that there was no issue meriting oral hearing. The time saved by the judges, the court aides, the prosecuting attorney, and defense counsel can better be employed in other cases, thus furthering the administration of justice.

The conviction is

Affirmed.

10. The Fifth Circuit, which has a screening process similar to ours, has likewise never perceived a constitutional problem in regard to its operation. Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969); Floyd v. Resor, 409 F.2d 714 (5th Cir. 1969); Huth v. Southern Pacific Company, 417 F.2d 526 (5th Cir. 1969).