BLACK *v.* STATE OF INDIANA.

[No. 30,552. Filed June 3, 1965.]

*George E. Sawyer,* of Richmond, for appellant.

*John J. Dillon,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal from a conviction of armed robbery. The main contention raised by the appellant on appeal is that the verdict of the jury is not sustained by sufficient evidence. A brief recital of the evidence most favorable to the State is necessary for a review of this question.

The testimony shows that on December 27, 1962, shortly before midnight, Don's Gulf Service Station in Richmond, Indiana was robbed. Three men drove up to the station in a car. One of them got out, came into the station and took a sum of money from the station owner, Donald Tharp, and the station attendant, Earl Lathrop. Lathrop testified the driver of the car kept a towel over his face and identified the get-a-way car as a black and white 1954 Ford Hardtop with a loud exhaust noise. One of the witnesses for the State, Truby McFarland, Jr., an accomplice in the robbery, was at the time of the trial an inmate at the Indiana State Prison where he was sentenced to serve a ten-year term for armed robbery as a result of a plea of guilty for robbery involved in the charges in this case. He testified that the appellant-Black and Delbert Ullery were with him at the time the robbery occurred; that appellant was the driver of the car; that previously they were at the house of Ullery's sister-in-law (Virginia Ullery) where they had been drinking. The fact that these parties were together before midnight and were drinking at the sister-in-law's house is corroborated by her. The testimony of McFarland further shows that they had run out of money and liquor and proceeded to Richmond with

the expressed intentions of robbery. The sister-in-law testified that an hour or an hour and a half later they returned to her house with a renewed supply of liquor and that they had sufficient time to go to Richmond and back within an hour or an hour and a half. She further testified that they were driving a black and cream colored 1954 Ford Hardtop which made a loud noise.

The appellant attacks the veracity of McFarland as a witness on the ground that he is an ex-convict and that he was offered an inducement by the dropping of additional charges to be filed against him and was likewise threatened with such additional prosecution. McFarland testified that he was the man who went into the filling station and actually held up the attendants. One of the attendants also identified McFarland as a robber. McFarland placed the appellant-Black in a car as the driver at the time. No alibi was pleaded or shown on the part of appellant to contradict the testimony.

We recognize the testimony of McFarland may be questioned. However, the matter of his credibility and whether his story is to be believed or not, is one for the jury. *Mattingly* v. *State* (1957), 236 Ind. 632, 142 N. E. 2d 607.

Although at common law, an ex-convict was not a competent witness, the law has since been changed, and such a witness is competent and his credibility is left for the determination of the jury. Burns' Ind. Stat. Anno. §9-1603 (1956 Repl.) 97 C.J.S. Witnesses, §65, p. 459.

Accepting the evidence most favorable to the State on this appeal, it shows that the appellant-Black was driving the car at the time the robbery took place. With his knowledge that a robbery was to take place, his presence at the scene

of the robbery, and driving the get-a-way car, there was sufficient evidence to show a participation in the robbery charged and a course of conduct that fixes his responsibility as a robber. *Roberts* v. *State* (1964) 245 Ind. 185, 197 N. E. 2d 304.

The appellant additionally attacks the competency of his attorney in an irregular fashion by filing a "Petition to Inform the Court". We have examined this and find that he complains that he was refused a copy of appellee's brief which he desired for personal examination. We know of no law that requires an attorney to deliver to a client a brief for personal examination. His attorney swears that he sent to him a copy of appellant's brief, and we find a statement in a letter written by the appellant to his attorney dated April 8, 1964 in which he states: "I have received and read the 'Appellant's Brief' you sent to me, ..."

The appellant further states that he wanted the transcript sent to him for his personal examination. We know of no rule which requires such delivery on the part of an attorney. His attorney states that he needed the transcript for the preparation of the appeal and it could not be released to the appellant for that reason. Appellant did get a copy of the brief which contained everything pertaining to the appeal, including the evidence at the trial. Appellant proceeds to point out what he considers omissions in his brief by his attorney. He states that he was denied counsel at arraignment. The record shows, however, that he pleaded not guilty and that counsel was immediately appointed for him. No claim is made that the appellant was prejudiced at or prior to arraignment by reason of the absence of counsel. The record does not show that he made any prior request for counsel. There is no showing that he desired to withdraw his plea of

not guilty or that there is any ground or any reason in law or fact why he should have withdrawn such a pleading. He does not claim that he desired to plead otherwise than not guilty.

The appellant further claims that his attorney should have raised the question that he was convicted of "armed robbery", when the affidavit charged only "armed larceny". Such a claim is without merit, frivolous and has no legal meaning. An examination of the record shows that he was charged with armed robbery and was convicted of armed rob-. bery. Appellant's claim that he was incompetently represented by counsel is found to be without merit and is based largely on false statements of fact. We have examined all of his claims of prejudice and error, and it appears to us that his attorney did all he could on behalf of his client with little or no merit existing in his defense.

The judgment is affirmed.

Myers, Landis and Achor, JJ. concur.

Jackson, C. J. dissents.

NOTE.—Reported in 207 N. E. 2d 627.