WILLIAM HENRY FLETCHER *v.* STATE OF INDIANA.

[No. 176S28. Filed January 29, 1976.]

David F. McNamar, John Muller, Steers, Klee, Sullivan, McNamar & Rogers, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, Robert F. Colker, Assistant Attorney General, for appellee.

HUNTER, J.—Defendant-appellant William Henry Fletcher was convicted of committing a felony (robbery) while armed. The Court of Appeals in Fletcher v. State, (1975) Ind. App., 323 N.E.2d 261, affirmed the conviction. Appellant petitions us to transfer this cause on several grounds. We grant transfer to review appellant's claim that the decision of the Court of Appeals contravenes the precedent of Dexter v. State, (1973) 260 Ind. 608, 297 N.E.2d 817.

I.

In Dexter we reversed a conviction for aggravated assault and battery where the state, over objection, was permitted to cross-examine Dexter as to his prior convictions for assault. In reversing Dexter's conviction, we unanimously relied upon the rule enunciated in Ashton v. Anderson, (1972) 258 Ind. 51, 279 N.E.2d 210, that for impeachment purposes the only prior convictions which are

admissible are those for crimes involving dishonesty or false statement and those for crimes which by statute would have rendered a witness incompetent.

At his bench trial, appellant took the stand in his own behalf. On cross-examination, the first question propounded was: "Mr. Fletcher, were you convicted of theft in January, 1972?" Appellant's objection, the substance of which was premised upon our holding in *Dexter, supra,* was overruled.

The Court of Appeals recognized appellant's argument, but found it unnecessary to review the merits. The reason assigned for nonreview was the presumption obtaining in judge-tried cases that the trial judge knows the rules of evidence and will ignore evidence improperly admitted in reaching his judgment. The presumption has no place in this case. Unlike *King* v. *State,* (1973) 155 Ind. App. 361, 292 N.E.2d 843, 845, where "defendant-appellant stated no reasons or grounds for his respective objections," here the appellant specifically apprised the court that he was relying on a ruling of this Court and then proceeded to state the substance of such holding for the trial court. It is a curious ratiocinative process which presumes that the trial court will disregard that which it holds admissible over specific objection. We therefore reject the application of the presumption herein, and proceed to review the merits.

Prior to *Ashton* v. *Anderson, supra,* admission of previous convictions for impeachment purposes was held to be within the sound discretion of the trial court. In *Ashton* we noted the illogic of assuming "that a conviction of any crime reflects, *ipso facto,* on the credibility of the witness as to truth and veracity." 258 Ind. 51, 60, 279 N.E.2d 210, 215. We further elaborated:

"Simply stated, either the particular criminal conviction reflects on the witness' credibility for truth and veracity, or it does not. If the particular conviction is for a crime which has a tendency to reflect on the individual's credibility for truth and veracity, such evidence should not be excluded; if the prior conviction is for a crime which has no bearing

whatsoever on his credibility for truth and veracity, such evidence should not be admitted." 258 Ind. 51, 61, 279 N.E. 2d 210, 216.

The only exception to *Ashton's* guiding principle is mandated by Ind. Code § 34-1-14-14, which permits impeachment by proof of infamous crimes which would have rendered the witness incompetent at common law: namely, treason, murder, rape, arson, burglary, robbery, kidnapping, forgery, and willful and corrupt perjury.

Thus, the *Ashton* decision has generally been regarded as having two branches. The first branch allows proof of prior convictions which relate to the witness's *propensity to tell the truth*—in the words of *Ashton,* "crimes involving dishonesty or false statement." See, e.g. *Dexter* v. *State, supra; Lewis* v. *State,* (1973) 157 Ind. App. 149, 299 N.E.2d 193; *Hannah* v. *State,* (1974) 160 Ind. App. 317, 311 N.E.2d 838; *Mayes* v. *State,* (1975) Ind. App., 318 N.E.2d 811. The present case falls under this first branch.

The second branch of *Ashton* recognizes proof of prior conviction of infamous crimes. These convictions may relate to the individual's propensity for truth telling, as in the case of the conviction for willful and corrupt perjury. Most infamous crimes, however, such as rape, murder and treason, bear no relationship to the convicted witness's truthfulness. Because this non-relationship cuts deeply against the grain of *Ashton,* we believe that the second branch should be limited exclusively to proof of the infamous crimes enumerated above, and should not be judicially extended to permit proof of prior convictions of lesser included offenses.[1] Such extension should come, if at all, from the legislative branch.

1. In my opinion, we erred in denying transfer in Mayes v. State, (1975) Ind. App., 318 N.E.2d 811. Mayes was a prosecution for possession of heroin. The defendant was cross-examined about a previous conviction for assault with intent to commit robbery. The Court of Appeals held the crime to be admissible as one involving "dishonesty," noting that our holding in Ashton permitted proof of "only those con-

Turning to the case at bar, the determination of whether appellant's prior theft conviction was admissible depends upon whether under *Ashton* such conviction may be said to involve "dishonesty or false statement." The determination is not an easy one. Conduct which would sustain a conviction for theft under our Offenses Against Property Act, Ind. Code § 35-17-5-1 *et seq.*, Burns § 10-3028 (1975 Supp.) *et seq.*, would have previously sustained a conviction for any of several crimes including grand larceny, petit larceny, larceny by trick, obtaining property by false pretenses, blackmail, embezzlement, and receiving stolen property. If we examine the elements of these crimes, particularly focusing upon the method of the wrongful taking, we will find some which directly correlate with the propensity of the witness for truth and veracity. In others, however, any relation between the offense and the witness's inclination to tell the truth is tenuous or nonexistent. These differences, however, are not considerations which may readily be taken into account. There is today but one conviction possible for any of these crimes and that is theft. We reject as too cumbersome any procedure which would require the trial court to probe

victions for crimes involving dishonesty or false statement." The Court of Appeals noted in a footnote:

"2. Use of the disjunctive 'or' clearly implies that crimes involving dishonesty are not limited to those crimes involving false statement, i.e., 'a lack of veracity', such as 'fraud, forgery, perjury, and the like.' "

Our denial of transfer in Mayes unmistakably invites a return to pre-Ashton days when any crime evidencing bad character was admissible. See Judge Buchanan's excellent dissent in Mayes. There is no doubt that our holding in Ashton was phrased in the disjunctive, but the essence of the words "dishonesty or false statement" appearing in the holding, must be controlled by the central theme of Ashton: "either the particular criminal conviction reflects on the witness' credibility for truth and veracity, or it does not."

Our denial of transfer was based on the premise that the mental state necessary to sustain a conviction for robbery is the same mental state required to sustain a conviction for assault and battery with intent to commit robbery. Since robbery was admissible as an infamous crime, ergo, a crime with the same mental elements should be admissible. The problem with this analysis is that assault and battery with intent to commit robbery is not an infamous crime which would have rendered the witness incompetent at common law or under the statute.

With regard to whether our decision herein dictates that the result reached in Mayes was, nevertheless, a correct one, we intimate no opinion.

about the record of the witness's prior theft conviction to ascertain the common law equivalent, prior to admitting any evidence of the conviction at trial. We therefore hold that proof of prior theft convictions are admissible for impeachment purposes under that portion of *Ashton* which allows proof of crimes involving "dishonesty or false statement." We further hold that appellant was properly questioned with regard to his prior theft conviction.

In reaching our decision, we are not unmindful of Judge Buchanan's admonition in *Mayes* v. *State, supra,* that "all crimes have some element of dishonesty in the broad sense of moral depravity." The word dishonesty as used in *Ashton* was not used in such a broad sense, and our holding here should not be construed as granting approval for such a reading. At the same time we recognize that our holding herein may allow admission of some theft convictions which arise from factual situations which do not indicate a lack of veracity on the part of the witness. In such cases, we believe that counsel should make such facts known to the court through a pre-trial motion in limine, supported by appropriate affidavits, thereby allowing the court the opportunity to exclude, in its discretion, any reference to such prior conviction. The vigilant use of this procedure by counsel will insure that the guidelines of *Ashton* are adhered to, without disrupting the trial.

## II.

Appellant also argues that the trial court erred in failing to suppress identification testimony because it was the product of an illegal lineup. Aside from the lineup, the record shows a sufficient independent basis for appellant's identification by the witness. When such basis exists, a tainted pre-trial identification procedure does not necessitate reversal. *Bowen* v. *State,* (1975) 263 Ind. 558, 334 N.E.2d 691.

Transfer granted. Judgment affirmed.

Arterburn, J., concurs in result with opinion in which

Givan, C.J., concurs; Prentice, J., concurs in result with opinion; DeBruler, J., dissents with opinion.

## CONCURRING OPINION

ARTERBURN, J.—I concur in affirming the judgment of the trial court, but not with all the reasoning in the majority opinion. I think the question is much simpler than therein presented. Ind. Code § 35-1-31-6 (Burns 1975) states:

"General moral character—Credibility of witnesses.—In all questions affecting the credibility of a witness, his general moral character may be given in evidence."

This statute controls the issue here regardless of any common law principles. To me the question in the case is simply resolved by the fact that the commission of a robbery or theft makes one a felon. Ipso facto a felon is not a person of good moral character. The statute says that a person's moral character reflects upon his credibility.

When a party presents a person as a witness, he vouches for his character and good moral credibility. It is proper for the opposing party on cross examination to impeach such witness by showing that he is a felon and that includes an accused who has taken the witness stand. At common law a felon was not a competent witness because at common law a felon had no credibility. 58 Am. Jur., *Witnesses* § 137 (1948). By statute we have made a felon competent, but certainly by statute we have not changed his lack of credibility. *See Black* v. *State*, (1965) 246 Ind. 550, 207 N.E.2d 627; *Bolden* v. *State*, (1927) 199 Ind. 160, 155 N.E. 824; *Griffith* v. *The State*, (1894) 140 Ind. 163, 39 N.E. 440; *Drew* v. *The State*, (1889) 124 Ind. 9, 23 N.E. 1098; *Robinson* v. *The State*, (1882) 84 Ind. 452.

Givan, C.J., concurs.

## CONCURRING OPINION

PRENTICE, J.—I concur in the majority opinion except to the extent that it indicates that the component of dishonesty pres-

ent in an act of theft, whether by force, cunning or deception, is a human characteristic substantially different from the element of dishonesty embodied in false statements. The policy of "discounting" applies with equal logic to the word of a liar and to the word of a thief.

## DISSENTING OPINION

DEBRULER, J.—While I agree with the majority opinion when it states that some offenses punished as theft relate to a person's propensity to tell the truth and some theft offenses have little or no relevance to credibility, I cannot agree with the majority conclusion. I do not see how we can sanction the admission of admittedly irrelevant, highly prejudicial evidence. In *Ashton* v. *Anderson,* (1972) 258 Ind. 51, 279 N.E.2d 210, we noted that a witness' conviction of some crimes "has no bearing whatsoever on his credibility for truth and veracity." 258 Ind. at 61. On the other hand, if the witness must admit these convictions and he is the accused,

"there is an obvious danger that the jury, despite instructions, will give more heed to the past convictions as evidence that the accused is the kind of man who would commit the crime on charge, or even that he ought to be put away without too much concern with present guilt, than they will to the legitimate bearing of the past convictions on credibility." McCORMICK, EVIDENCE § 43, p. 89 (1972).

The District of Columbia Circuit Court has held that prior convictions are not admissible "where the trial judge believes the prejudicial effect of impeachment far outweighs the probative relevance of the prior conviction to the issue of credibility." *Luck* v. *U.S.,* (D.C. Cir. 1965) 348 F.2d 763, 768. The nature of the prior offense is one of the factors which the judge considers in deciding admissibility. Our Court, wisely I believe, determined in *Ashton* that admissibility should not be discretionary. However, the opinions of the District of Columbia Circuit are useful, since that Court has developed its law of impeachment by prior convictions most extensively.

In *Gordon* v. *U.S.*, (D.C. Cir. 1967) 383 F.2d 936, *cert. denied,* 390 U.S. 1029, Judge Burger wrote:

> "In common human experience acts of deceit, fraud, cheating, or stealing, for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity. Acts of violence on the other hand, which may result from a short temper, a combative nature, extreme provocation, or other causes, generally have little or no direct bearing on honesty and veracity." (Footnotes omitted.) 383 F.2d at 940.

But, the same Court, after quoting the preceding statement, noted:

> "The misdemeanor of taking property without right is not, however, to be equated with larceny or other charges of dishonest conduct properly related to credibility. This misdemeanor has been distinguished from larceny, in that 'proof of a specific criminal intent to deprive an owner of his property permanently is absent.' It has been held even not to be the act of a 'thief' in certain criminal context. While 'joy-riding' is conduct that may not be tolerated lightly, it has elements bringing it within the category of 'impulsive' crimes and should not be deemed the kind of larcenous act that is routinely considered to reflect on credibility and hence constitutes permissible impeachment." *U.S. v. Carr,* (D.C. Cir. 1969) 418 F.2d 1184, 1186, *cert. denied,* 396 U.S. 1030.

Thus, as Weinstein notes, "breaking crimes down into major categories may not always be sufficient. All acts of 'stealing' are not the same." 3 WEINSTEIN, EVIDENCE 609-68 (1975).

As long as our rule of admissibility is based upon the nature of the prior conviction, we cannot include in the admissible group any category of convictions in which some of the offenses are admittedly irrelevant to the issue of credibility. Few crimes are as broadly defined as theft, so that the question will seldom arise. But, a conviction for theft may well be irrelevant to credibility and should not be admitted.

NOTE.—Reported at 340 N.E.2d 771.