CHESTER D. ADAMS *v.* STATE OF INDIANA

[No. 3-177A29. Filed August 30, 1977.]

*Jerry E. Levendoski,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

GARRARD, J.—Chester Adams was convicted of armed robbery. Adams elected to testify at the trial. During his cross examination the prosecuting attorney was permitted, over objection, to inquire about Adams' conviction two years earlier for assault and battery with intent to commit a felony, robbery. Concededly, the question was asked solely to attack Adams' credibility.[1] The only error assigned on appeal is the admission of this evidence.

The state's argument asserts only that if admission of the evidence was error, there was such overwhelming evidence of guilt that the conviction should be affirmed. We disagree. The bartender who was on duty when the robbery occurred and a customer both positively identified Adams as the robber. Adams and a corroborating witness denied

---

1. Care should be taken to distinguish the admissibility of the evidence solely for impeachment from those cases where the conviction may be admissible as circumstantial evidence bearing upon defendant's guilt. *See, e.g., Loveless v. State* (1959), 240 Ind. 534, 166 N.E.2d 864. Also, no question is presented, and we do not consider herein, the question of the remoteness in time of the prior offense.

his participation. However, there was no other evidence presented such as retrieved fruits of the crime, paraphernalia used in its commission, apprehension at or near the scene, etc. to overwhelmingly link Adams to the offense. We are therefore unable to say that the evidence of guilt was so overwhelming as to render the potential error harmless. *See, e.g., Whitten v. State* (1975), 263 Ind. 407, 333 N.E.2d 86; *Hamp v. State* (1973), 156 Ind. App. 104, 294 N.E.2d 817.

Was it error to permit the question? We hold it was not.

In *Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210, our Supreme Court held that mere conviction of a criminal offense without any regard to the nature of the crime was not sufficiently relevant to permit it to be shown for impeachment purposes. *Ashton* held instead that two basic categories of prior offense might be shown. The first category consists of the modern counterparts to the crimes which rendered a witness incompetent at common law: treason, murder, rape, arson, burglary, robbery, kidnapping, forgery, and wilful and corrupt perjury. The second category consists of crimes of "dishonesty or false statement."

In *Mayes v. State* (1974), 162 Ind. App. 186, 318 N.E.2d 811 (transfer denied) the court was confronted with the admissibility of precisely the same prior offense, assault and battery with intent to commit a felony, to-wit: robbery, presented in this case. Noting that the intent necessary to robbery included the intent necessary for theft and that the offense in question required proof of intent, the court held that evidence of the conviction was admissible as establishing a crime of dishonesty pursuant to the rule of *Ashton*.

Subsequently, in *Fletcher v. State* (1976), 264 Ind. 132, 340 N.E.2d 771, our Supreme Court agreed that a prior conviction for theft was admissible impeachment evidence, but divided sharply upon the appropriate rule of law. The issue, of course, is the balance to be struck between the prejudice to an accused from the potential that a jury might convict him of the offense on trial *because* of the prior offense and the degree of reasonableness in

inferring that because he committed the prior offense he is being untruthful in his testimony about the events on trial.

The inference of present untruth is most apparent where an element of the prior offense was also untruthfulness. The inference is less compelling when phrased "because the defendant has demonstrated dishonesty before, he is being untruthful now." It is least compelling when phrased, "because the defendant has previously violated a criminal statute he is being untruthful now."[2] Under *Ashton* and its progeny the evidence is admissible when it presents the strongest of these inferences and is inadmissible when it presents the weakest.

Applying the language of *Ashton* the court in *Mayes* held that it was *sufficiently* reasonable to infer from a prior crime of dishonesty that an accused might lie about his involvement in the offense on trial so that the evidence might be admitted despite its possible prejudicial effect.

In the lead opinion in *Fletcher* Justice Hunter urged restricting the admissibility of crimes of "dishonesty" for impeachment purposes to those "which directly correlate with the propensity of the witness for truth and veracity." However, he concluded that any conviction for theft was admissible. Justice DeBruler, dissenting, agreed with Justice Hunter's distinction but would have applied it to theft convictions also. However, Justice Prentice found the desired inference of non-credibility sufficiently reasonable in a prior crime of dishonesty to permit the evidence, while Justices Arterburn and Givan would have permitted evidence of any felony conviction as being within the purview of IC 1971, 35-1-31-6 permitting evidence of general moral character.

Thus, *Mayes* held a prior conviction for assault and battery with intent to commit the felony of robbery admissible as impeachment evidence. Unless or until further modified or clarified that result is sustained by a majority of the Court in *Fletcher*.

Accordingly, the court did not err.

---

2. Traditionally no basis for distinction has been founded upon whether the crime was a felony or a misdemeanor. *See, Ashton, supra.*

Affirmed.

Staton, P.J. and Hoffman, J. concur.

NOTE—Reported at 366 N.E.2d 692.