Kenneth R. CLARKSON, Jr., Appellant (Plaintiff below),

v.

DEPARTMENT OF INSURANCE OF the STATE OF INDIANA, H. P. Hudson, individually and as Commissioner, Appellees (Defendants below).

No. 2–980A321.

Court of Appeals of Indiana, Second District.

Aug. 31, 1981.

Rehearing Denied Oct. 19, 1981.

Charles Thomas Gleason, Gleason, Hay & Gleason, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellees.

SHIELDS, Judge.

Appellant Kenneth Clarkson appeals the permanent revocation of his insurance license pursuant to I.C. 27–1–15.5–8(a)(7) and (9) (Burns Code Ed., Repl.1980).[1] Clarkson presents the following issues on appeal:

1) whether the trial court made sufficient findings of fact;

2) whether the action of the Insurance Commissioner denied him equal protection under law;

3) whether the action of the Insurance Commissioner was arbitrary, capricious, and an abuse of discretion;

4) whether the action of the Insurance Commissioner denied him due process of law.

We affirm.

The record reveals Clarkson, a licensed insurance agent, was convicted of theft in connection with the failure to remit premium monies he had collected to the Wabash Life Insurance Company. Following a hearing the Insurance Commissioner permanently revoked the license in accordance with I.C. 27–1–15.5–8(a)(7) and (9). On review the trial court affirmed the decision of the Commissioner.

Clarkson first contends the trial court failed to make sufficient written findings of fact. Ind.Rules of Trial Procedure, Trial Rule 52(A) states: "The court shall make special findings of fact without request . . . (a) in any review of actions by an administrative agency." In addition, I.C. 4–22–1–18 (Burns Code Ed.) provides:

"Said court in affirming or setting aside the decision or determination of the agency shall enter its written findings of facts, which may be informal but which shall encompass the relevant facts shown by the record, and enter of record its written decision and order or judgment."

The trial court's order reads:

"The Court having reviewed the record in this cause and being duly advised in the premises, now finds as follows:

1. The findings of the Insurance Commissioner support the action of permanent revocation of license and are supported by substantial evidence of probative value.

2. The Plaintiff herein was found guilty of a Felony to wit: Theft u/p I.C. 35–43–4–2 which the Commissioner found involved moral terpitude (sic).

3. The Commissioner found plaintiffs (sic) conduct in violation of I.C. 27–1–15.–5–8(9).

4. The finding of the Insurance Commissioner was not arbitrary, capricious or on (sic) abuse of discretion.

5. Restitution is not a defense to the action.

6. The Plaintiff was offorded (sic) due process by the Commissioner and the action is constitutional wherefore, the Court now affirming decision of the defendant Agency."

Paragraphs one, four, five, and six are conclusions of law. The recitation of the Commissioner's finding in paragraph two and the whole of paragraph three are statements of the Commissioner's findings and not the trial court's. Thus, the only finding

---

1. IC 27–1–15.5–8(a) (Burns Code Ed., Repl. 1980) provides:

"(a) The commissioner may suspend, revoke, or refuse to continue or renew or refuse to issue any license issued under this chapter if, after notice to the licensee and to the insurer represented, and hearing, he finds as to the licensee any one (1) or more of the following conditions:

 . . . .

(7) conviction of a felony or misdemeanor involving moral turpitude;

 . . . .

(9) in the conduct of his affairs under the license, the licensee has used fraudulent, coercive, or dishonest practices, or has shown himself to be incompetent, untrustworthy or financially irresponsible; or not performing in the best interests of the insuring public."

of fact made by the trial court is that Clarkson "was found guilty of a Felony to wit: Theft u/p I.C. 35–43–4–2." However, that single factual finding supports the trial court's affirmance of the Commissioner's revocation under the provisions of I.C. 27–1–15.5–8(a)(7) which allows for revocation of any license upon conviction of a felony involving moral turpitude. The omission of a determination by the trial court that theft is a felony involving moral turpitude does not avail Clarkson. Theft is such a felony as a matter of law and not fact. *Fletcher v. State*, (1976) 264 Ind. 132, 340 N.E.2d 771; *Baker v. Miller*, (1956) 236 Ind. 20, 138 N.E.2d 145. Neither T.R. 52(A) nor I.C. 4–22–1–18 requires conclusions of law. Accordingly, we hold the trial court's written findings of fact were sufficient and complied with I.C. 4–22–1–18 and T.R. 52(A).

Clarkson next alleges the Commissioner's action deprived him of equal protection under law. This issue, however, was not addressed in his verified petition for review of agency action filed with the trial court and is thereby waived.

■ As a general rule, issues not raised before the trial court are not preserved on appeal. Hence a party may not allege in his motion to correct error or on appeal issues which were not raised at trial. *Zeigler Building Materials Inc. v. Parkison*, (1980) Ind.App., 398 N.E.2d 1330. In essence, an appellant who has presented his case to the trial court on a certain and definite theory shall not be permitted to change on appeal and prevail upon another theory not previously advanced.

2. I.C. 4–22–1–14 (Burns Code Ed.) provides: "Any party or person aggrieved by any order or determination made by any such agency shall be entitled to a judicial review thereof in accordance with the provisions of this act [4–22–1–1—4–22–1–30]. Such review may be had by filing with the circuit or superior court of the county in which such person resides, or in any county in which such order or determination is to be carried out or enforced, a verified petition setting out such order, decision or determination so made by said agency, and *alleging specifically* wherein said order, decision or determination is:

I.C. 4–22–1–14 (Burns Code Ed.) requires the verified petition for review filed with the trial court to allege specifically in what manner the agency determination or order is defective.[2] The agency in framing its response and the trial court in rendering its decision rely upon the allegations of error contained in the petition. It would thus result in judicial ineconomy and gross unfairness to the agency if appellant were permitted to raise additional issues before the appellate court.

■ Accordingly, Clarkson's failure to allege he was denied equal protection under law in his verified petition for review results in a waiver of that issue and it may not be raised on appeal. We believe this is in accord with the long-standing principle that objections and errors not raised at an appropriate stage of the adjudicative process may not be addressed at any subsequent stage. *See, e. g., Klingler v. Ottinger*, (1939) 216 Ind. 9, 22 N.E.2d 805; Ind.Rules of Procedure, Trial Rule 12(H)(1), 51(C), Appellate Rule 8.3(A)(7).

Clarkson next contends the trial court erred in finding the action of the Commissioner was not arbitrary, capricious, and an abuse of discretion. Within this issue he makes several arguments.

■ In reviewing an administrative determination, a court may not reweigh the evidence. *Office of the Public Counsel v. Indianapolis Power and Light Company*, (1980) Ind.App., 413 N.E.2d 672. Instead, judicial review shall be limited to a determination of whether the agency possessed jurisdiction over the matter and whether its order was made in accordance with proper

(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or
(2) Contrary to constitutional right, power, privilege or immunity; or
(3) In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or
(4) Without observance of procedure required by law; or
(5) Unsupported by substantial evidence." (Emphasis added.)

legal procedure, was based upon substantial evidence, and did not violate any constitutional, statutory, or legal principle. *Brinson v. Sheriff's Merit Board of Jefferson County*, (1979) Ind.App., 395 N.E.2d 267. Arbitrary and capricious action on behalf of an agency has been described as willful and unreasonable conduct without consideration and in disregard of the facts of the case; action taken without some basis which would lead a reasonable person to such action. *Hatcher v. Smith*, (1972) 152 Ind.App. 299, 283 N.E.2d 582. The burden of proving the action was arbitrary and capricious or an abuse of discretion falls upon the party attempting to upset the administrative order. *Department of Financial Institutions v. State Bank of Lizton*, (1969) 253 Ind. 172, 252 N.E.2d 248.

Clarkson argues the Commissioner's action in revoking the license pursuant to I.C. 27–1–15.5–8(a)(7) was arbitrary and capricious because there was no evidence to support a finding that theft is a felony involving moral turpitude. The record discloses the Commissioner found Clarkson had been convicted of theft. Our courts have long held as a general principle theft is an offense involving dishonesty and deceit and, therefore, entails moral turpitude. *Fletcher v. State*, (1976) 264 Ind. 132, 340 N.E.2d 771; *Baker v. Miller* (1956) 236 Ind. 20, 138 N.E.2d 145. The Commissioner was thus empowered to revoke the license under I.C. 27–1–15.5–8(a)(7) upon finding Clarkson committed the felony offense of theft.

■ Second, Clarkson argues the Commissioner abused his discretion because he did not articulate why he permanently revoked the license as opposed to imposing some other permissible sanction. He argues I.C. 27–1–15.5–8 clothes the Commissioner with discretion in that it provides a license *may* be revoked or suspended upon a finding that certain conditions exist. Clarkson thus contends the Commissioner is required to state the specific reasons why he imposed a given type of penalty as opposed to some other permissible sanction. He fails, however, to cite any authority to support his position. Moreover, this court will not attempt to substitute its opinion for that of an agency concerning matters within the scope of that agency's discretion and authority. *Indiana Department of Public Welfare v. Crescent Manor, Inc.*, (1981) Ind. App., 416 N.E.2d 470. We find no merit in this argument.

■ Clarkson makes a number of additional arguments to support his allegation that the action of the Commissioner was arbitrary, capricious, and an abuse of discretion. However, a bald assertion in the petition for review that the action of the agency is arbitrary, capricious, or an abuse of discretion does not create an issue. Rather, as earlier stated, the petition must specifically allege in what manner the order, decision, or determination is arbitrary, capricious, or an abuse of discretion, I.C. 4–22–1–14, and thereby raise an issue. The additional arguments now made by Clarkson were not specified in his verified petition and are thereby waived. We thus conclude Clarkson failed to sustain his burden of proof that the action of the Commissioner was arbitrary, capricious, and an abuse of discretion.

Clarkson next contends he was denied due process of law. Within this issue he makes two main allegations. First, it is alleged he was denied due process because the Insurance Commissioner's determination that theft is a crime involving moral turpitude and that the activity involved conduct of affairs under the license was not in accord with previously stated ascertainable standards.

■ As a general rule, administrative decisions must be based upon ascertainable standards. *Podgor v. Indiana University*, (1978) Ind.App., 381 N.E.2d 1274. This ensures agency action will be orderly and consistent. The standards should be stated with sufficient precision to provide those having contact with the agency fair warning of the criteria by which their petitions will be judged. *Holmes v. New York City Housing Authority*, (2d Cir. 1968) 398 F.2d 262. However, where standards are stated with sufficient precision in the statute itself, it is not necessary for the administra-

tive agency to provide additional clarification and specificity so long as such standards give adequate warning to those having potential contact with the agency. Standards provided by statute need only be as specific as the circumstances permit, considering the purpose to be accomplished by the statute. *Taxpayers Lobby of Indiana, Inc. v. Orr,* (1974) 262 Ind. 92, 311 N.E.2d 814.

As noted, it is a well recognized principle that crimes such as theft, which entail deceit and dishonesty, are offenses involving moral turpitude. *Fletcher; Baker.* Similarly, we do not find it was necessary for the Commissioner to further clarify what constitutes conduct of affairs under the license. This does not represent a case where ascertainable standards are totally absent from the statute. *Holmes; Barnes v. Merritt,* (5th Cir. 1967) 376 F.2d 8. The phrase "[I]n the conduct of his affairs under the license" provides understandable criteria by which the licensee may gauge his behavior. These words, used in their common meaning, I.C. 1–1–4–1(1) (Burns Code Ed., Supp.1980), convey an admonition to the licensee that the enumerated practices must relate to activities for which he has sought and received a license. The statute thus speaks with sufficient precision and this court will not intervene to require greater exactitude or specificity. We, therefore, conclude Clarkson's due process rights were not violated by the absence of previously stated ascertainable standards.

In addition, Clarkson argues he was not afforded due process because the hearing officer who presided at the hearing failed to make recommended findings based upon the credibility of the witnesses.[3] We are restrained from addressing the merits of this allegation because Clarkson first raises it on appeal. We therefore conclude Clarkson failed to establish the conduct of the Commissioner denied him due process of law.

Affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concur.

---

**3.** I.C. 4–22–1–12 (Burns Code Ed.) provides in part:

"Where an agency consists of more than one member or person, any member thereof may conduct the hearing on behalf of the agency. Where any statute authorizes an agency to conduct hearings by an agent or representative such agent or representative may conduct the hearing. In the event of such hearing before a member, agent or representative it shall be conducted in the same manner provided for a hearing before the agency except that instead of making an order or determination the said member, agent or representative shall make a recommendation as to the order or determination. After said rec-

ommendation is made said member, agent or representative shall present to and file with the agency the complete record of the proceedings before him, other than the transcript of the oral testimony, together with his recommended order or determination and notice of such filing shall be given all persons who were parties to the hearing."

I.C. 27–1–15.5–9 (Burns Code Ed., Supp.1980) provides:

"All hearings held pursuant to this chapter shall be governed by IC 4–22–1 [4–22–1–1— 4–22–1–30]. The commissioner may appoint members of his staff to act as hearing officer for hearings held pursuant to this chapter . . . . ."