**James E. BIGGERSTAFF, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 381S80.**

Supreme Court of Indiana.

March 12, 1982.

Ferd Samper, Jr., Dawn D. Duffy, Samper, Hawkins, Atz & Duffy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged on a two-count indictment. Count One was for murder and Count Two was for arson. He was tried before a jury and convicted on both counts. He was sentenced to a forty (40) year term of imprisonment on the murder charge and to a twenty (20) year term on the arson count, the sentences to run concurrently.

Appellant contends the trial court erred by denying his Motion for Judgment on the Evidence made following presentation of the State's case. He also contends the verdict is contrary to the evidence.

■ Any error with respect to denial of appellant's Motion for Judgment on the Evidence is deemed waived due to presentation of evidence on his own behalf. *Miller v. State*, (1981) Ind. 417 N.E.2d 339; *Simpson v. State*, (1978) 269 Ind. 495, 381 N.E.2d 1229. However, since appellant asserts the verdict is contrary to the evidence the same principles will guide us in resolving the issue.

When a defendant attacks the verdict as contrary to the evidence we will set aside the verdict only where the evidence is without conflict and leads inescapably to a conclusion which is contrary to that reached by the trial court. In considering the question we do not reweigh the evidence nor judge the credibility of witnesses but rather look only to the evidence in the light most favorable to the State and reasonable inferences that can be drawn therefrom. *Herman v. State*, (1979) Ind. 395 N.E.2d 249; *Whitaker v. State*, (1976) 265 Ind. 583, 357 N.E.2d 243.

The record discloses the following evidence. On March 16, 1980, there was a fire in an apartment at 1025 North Jefferson in Indianapolis, in which Paul Banks the decedent resided. Banks died as a result of smoke and flame inhalation. Expert witnesses testified the fire was in all likelihood started by the ignition of gasoline that had spilled under the apartment door and puddled in the center of the room.

According to witness Robert Phelps, appellant and the decedent had been involved in a dispute over some money the decedent allegedly owed appellant. Phelps testified that one or two days before the fatal fire appellant made two separate attempts to burn the decedent's door, once using a roll of toilet paper and the next time using bundled newspapers. Phelps further testified that two days before the fire appellant shot the lock off the door of the decedent's apartment. Phelps also related comments made to him by appellant during this period that he would "get him" and that he didn't know whether "to shoot him or burn him out." Phelps also testified that on the night before the fire he and appellant were together drinking and appellant asked him if he could borrow a plastic jug he had seen in Phelps's apartment. Appellant asked Phelps to leave the jug outside the door to his (Phelps's) apartment, which Phelps testified he did. The fire occurred shortly thereafter.

■ Since the evidence in this case is all circumstantial, appellant contends, *inter alia*, we are required to find the evidence excludes every reasonable hypothesis of innocence, citing *Manlove v. State*, (1968) 250 Ind. 70, 232 N.E.2d 874. We no longer use this standard in reviewing sufficiency of evidence claims when the evidence is circumstantial. Rather the scope of review is identical to that used when the evidence is direct. *Collins v. State*, (1977) 266 Ind. 430, 364 N.E.2d 750. If a reasonable inference can be drawn from the circumstantial evidence presented, the verdict is not to be disturbed. *Raspberry v. State*, (1981) Ind. 417 N.E.2d 913; *Gilmore v. State*, (1981) Ind. 415 N.E.2d 70; *Eaton v. State*, (1980) Ind. 408 N.E.2d 1281.

■ In the case at bar the evidence, though circumstantial, is sufficient to support a reasonable inference appellant started the fire and thus caused the death of the decedent. The testimony of Phelps was sufficient to support the finding of the jury that appellant had a motive to assault the decedent. Evidence of motive is entirely admissible and probative on the issue of the defendant's guilt. *Lawson v. State*, (1980) Ind. 412 N.E.2d 759; *Hart v. State*, (1978) 268 Ind. 358, 375 N.E.2d 221.

In addition the evidence shows appellant made three assaults on decedent's residence within two days of the occurrence of the fire and two of these assaults were perpetrated by trying to set fire to the apartment. The fact appellant was contemplating burning the decedent's residence is probative of appellant's commission of the act. That the fire caused the death of the decedent was attested to by an expert witness and was uncontroverted.

Appellant cites *McAllister v. State*, (1975) 161 Ind.App. 644, 319 N.E.2d 866, in support of his claim there is no more in this case than a chain of circumstantial evidence indicating appellant could have set the fire. Appellant claims the same quantum of evidence present in *McAllister, supra*, is all that is present in this case. In the case at bar the circumstantial evidence shows more than that appellant could have set the fire,

in that it shows appellant was contemplating doing so and made two unsuccessful attempts to do so. This additional evidence sufficiently distinguishes this case from *McAllister, supra*. We hold the verdict is not contrary to the evidence.

Appellant claims the trial court erred in permitting testimony as to appellant's prior conviction for third degree arson. This testimony was adduced from appellant when he took the witness stand in his own defense. He testified the conviction grew out of an incident in which he set fire to his own car to attempt to defraud his insurance company. Appellant claims the trial court erred in denying his Motion in Limine to exclude this evidence, in denying his Motion for Mistrial, and in overruling his objections made at the time the question was asked.

In *Fletcher v. State*, (1976) 264 Ind. 132, 340 N.E.2d 771, we considered at length the admissibility of evidence of prior convictions for the purpose of impeaching a witness. We first noted the governing law in the area is provided by an earlier civil case, *Ashton v. Anderson*, (1972) 258 Ind. 51, 279 N.E.2d 210. In *Fletcher, supra*, 264 Ind. at 135, 340 N.E.2d at 771–72, we summarized the applicable principles by stating:

> "[T]he *Ashton* decision has generally been regarded as having two branches. The first branch allows proof of prior convictions which relate to the witness's *propensity to tell the truth*—in the words of *Ashton*, 'crimes involving dishonesty or false statement.'" (Emphasis in original.)

■ In the case at bar under cross-examination appellant admitted his prior arson conviction was for setting fire to his own car with intent to defraud his insurance company. Such a fact surely indicates the criminal act involved dishonesty or false statement. Thus, the denial of appellant's Motion in Limine, Motion for Mistrial, and overruling of his objection to the question were all proper.

■ Appellant also contends he was entitled to an admonition to the jury at the time the evidence of his prior conviction

was introduced to inform the jury the evidence was only to be used to judge his credibility as a witness. Appellant is correct in his assertion the evidence was only to be used for purposes of impeachment. *Roseberry v. State,* (1980) Ind. 402 N.E.2d 1248; *Jamieson v. State,* (1978) 268 Ind. 599, 377 N.E.2d 404; *Fletcher, supra; Ashton, supra.*

 This Court has previously held admonishment of the jury is a matter for the discretion of the trial court and is reviewable only for abuse of that discretion. *Marsh v. State,* (1979) Ind. 393 N.E.2d 757. The evidence of appellant's prior arson for profit was properly admitted to show his propensity for false statement. We find nothing in this record indicating that appellant moved the court to admonish the jury concerning the purpose for which the evidence was admitted. He has thus saved no error in this regard. *Pullins v. State,* (1970) 253 Ind. 644, 256 N.E.2d 553.

Appellant claims the judgment and sentence on the arson count must be vacated because the arson count is a lesser included offense of the murder count, and without such relief he is being punished twice for the same offense.

 In this assertion appellant is correct. When an indictment for murder in the commission of a felony is filed under I.C. 35–42–1–1(2) [Burns' 1979 Repl.], the indictment may include an additional count for the felony itself. *Roberts v. State,* (1978) 268 Ind. 348, 375 N.E.2d 215. If the defendant is convicted of the felony murder, merger occurs and the conviction and sentencing may not occur on both counts. *See, Tyson v. State,* (1979) Ind. 386 N.E.2d 1185 (merger of felony murder and burglary); *Roberts, supra; Williams v. State,* (1978) 267 Ind. 700, 373 N.E.2d 142 (merger of felony murder and armed robbery); *Candler v. State,* (1977) 266 Ind. 440, 363 N.E.2d 1233 (merger of felony murder and armed robbery).

 The State in this case misinterprets the *Roberts* case by reading it to hold arson is not a lesser included offense for felony murder. In the case we did hold arson was not a lesser included offense of felony murder and an arson count in an indictment could withstand a motion to dismiss the count on the ground it was a lesser included offense. That, however, is as far as the holding of the case may be read. We stated, "[T]he felony itself may be contained in the indictment where one of the charges is murder in the commission of a felony." 268 Ind. at 351, 375 N.E.2d at 218. We went on to hold it was error to sentence and convict on both counts, however, as merger of the offenses occurred for purposes of conviction and sentencing. The same principle applies here.

The case is remanded to the trial court with instructions to vacate the sentence on the arson count. The trial court is in all other things affirmed.

HUNTER and PIVARNIK, JJ., concur.

DeBRULER and PRENTICE, JJ., concur in result.