**Juanita MUGG, on behalf of herself and all others similarly situated, Appellant (Plaintiff Below),**

v.

**Wayne A. STANTON, in his capacities as Administrator of the Indiana Department of Public Welfare and Secretary of the Indiana State Board of Public Welfare, and Elizabeth Samkowski, in her capacity as Director of the Marion County Department of Public Welfare, Appellees (Defendants Below).**

No. 2–882A262.

Court of Appeals of Indiana, First District.

Oct. 5, 1983.

Rehearing Denied Nov. 15, 1983.

Donald R. Lundberg, Legal Services Organization of Indiana, Inc., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary L. Shaw, Deputy Atty. Gen., Indianapolis, for appellees.

ROBERTSON, Presiding Judge.

This is an appeal from a judicial review proceeding in which Juanita Mugg (Mugg) challenged the decision of the Indiana State Department of Public Welfare (State DPW) and the Marion County Department of Public Welfare (County DPW) denying her certain assistance under the Aid to Families with Dependent Children (AFDC) program.

We reverse.

Mugg and her two children were recipients of AFDC benefits in 1980. In November 1980, Mugg informed her caseworker that she had moved and her rent expense had been reduced from $75.00 per month to $24.00. This change prompted the Marion County DPW to prepare a new AFDC budget reducing her grant from $254.00 per month to $187.00.

At this time, Mugg was also enrolled at Indiana University-Purdue University (IUPUI) in a program leading to a bachelor's degree. As a consequence of her studies at IUPUI, she was required to take her children to a day care center and drive to and from school each day. In calculating her AFDC budget, the County DPW did not include her transportation expense. The County DPW did not provide a special transportation allowance because the State DPW had established an oral policy excluding individuals enrolled in four-year college programs.

Mugg appealed her case through the State DPW's administrative hearing process, but was unsuccessful in having the decision overturned. She then filed a class

action suit in the Marion County Superior Court challenging the legality of denying a transportation allowance to certain individuals based upon an unwritten policy. The trial court dismissed the class action suit and entered judgment in favor of the Welfare Department. Mugg now argues that the trial court erred in dismissing her class action claim and in concluding that the County DPW's oral policy was consistent with a duly promulgated state regulation.

We first examine the administrative order. Judicial review of an administrative determination is limited to a determination of whether the agency possessed jurisdiction over the matter and whether the order was made in accordance with proper legal procedures. If the determination was based upon substantial evidence and if it did not violate any constitutional, statutory, or legal principle, we will affirm the decision. *Clarkson v. Department of Insurance of State of Indiana,* (1981) Ind. App., 425 N.E.2d 203. The burden of proving that the administrative order was arbitrary and capricious or an abuse of discretion falls upon the party attempting to upset the order. We will not attempt to substitute our opinion for that of the agency concerning matters within the scope of that agency's discretion and authority. *Id.*

The County DPW's oral policy concerning transportation allowances was found to be consistent with 470 I.A.C. 10–3–8–0.214. That regulation reads as follows:

The necessary expenses of vocational training courses and other educational courses, including completing high school courses necessary to obtaining a diploma, may be included as a special need for an AFDC recipient if such expenses cannot be met through another program or a loan or grant or through a community resource. Such expenses may include but are not limited to the verified cost of special fees and supplies and transportation and child care fees according to the established criteria for these items.

The words "other educational courses" provide no standard relating to the length of the educational course of study. The example of high school courses suggests only one of a larger category of educational courses within the purview of the regulations.

Generally, administrative decisions must be based upon ascertainable standards. *Podgor v. Indiana University,* (1978) 178 Ind.App. 245, 381 N.E.2d 1274. This ensures that agency action will be orderly and consistent. The standards should be stated with sufficient precision to provide those having contact with the agency fair warning of the criteria by which their petitions will be judged. Where standards are stated with sufficient precision in the statute itself, it is not necessary for the administrative agency to provide additional clarification and specificity. *Clarkson, supra.*

The general language in regulation 0.214 was relied upon by the trial court and the Welfare Department to limit transportation allowances to recipients who are involved in educational programs that can be completed in two years. Nowhere in the regulation is a time limit specified. Clearly, upon the face of the regulation, there is no basis for using this general language as a rationale for distinguishing between individuals enrolled in two-year programs as opposed to four-year programs.

The only rationale that does exist is the State DPW's unwritten policy that was orally communicated to the County DPW. According to the Welfare Department, this oral policy finds its foundation in 470 I.A.C. 10–3–8–0.214. The authority for establishing amounts of AFDC assistance, as in 470 I.A.C. 10–3–8–0.214, is found in Ind.Code 12–1–7–3, which reads in relevant part:

The amount of assistance which shall be granted for any dependent child should be determined by the county department with due regard to the resources and necessary expenditures of the family and the conditions existing in each case and in accordance with the rules and regulations made by the state department.

This statute requires substantial interpretation and agency discretion before it can

have any practical effect. A policy, like the one in question, that interprets and implements a general statute requiring the Welfare Department to consider "necessary expenditures of the family and conditions existing in each case" and that excludes certain categories of recipients from AFDC benefits, has the force and effect of law. As such, it must be duly promulgated before it can be valid and enforceable. Ind. Code 4–22–2–2.

> I.C. 4–22–2–2 provides, in relevant part: (a) All rules, regulations and other documents containing a statement of policy, other than official opinions of the attorney general, which the issuing agency intends to have the effect or force of law but which are not promulgated, approved and filed as rules in conformity with the provisions of this chapter, shall be invalid, void and of no force or effect after the first day of January, 1978.

The provisions of this statute extend to "any rule, regulation, standards, classification, procedure, or requirement of any agency designed to have or having the effect of law or interpreting, supplementing, or implementing any statute." Ind.Code 4–22–2–3. The Welfare Department modified its existing regulation on transportation needs allowances by an oral policy and then applied it to Mugg. However, this policy, not having been promulgated, is void and unenforceable. It cannot provide a legal basis for the trial court's judgment.

Having found the Welfare Department's oral policy void and unenforceable, we need not reach the other issues presented on appeal. For all the foregoing reasons, this case is reversed and remanded for proceedings not inconsistent with this opinion.

Judgment reversed.

RATLIFF and NEAL, JJ., concur.