Anthony BALLARD, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00-8802-CR-214.

Supreme Court of Indiana.

Dec. 7, 1988.

Aaron E. Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Wendy L. Stone, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Robbery, a Class B felony, and Confinement, a Class B felony. He received sentences of fifteen (15) years on each conviction, to be served consecutively.

The facts are: On January 12, 1987, at approximately 11:50 p.m., Verna Weaver was finishing her shift at the Village Pantry at 1937 East Prospect Street in Indianapolis. Two men came into the store, one of whom was later identified as appellant. One bought a pack of gum, and she noticed him repeatedly looking around the store before they left. Minutes later they returned and appellant placed an item on the counter. As Weaver rang up a sale on the cash register, appellant pointed a gun at her and demanded that she open the cash drawer. He directed her to place money in a bag, which she did.

In removing money from the drawer, a surveillance camera was triggered and took pictures of the robbers. Later Weaver identified appellant and his companion in a photographic array displayed to her by the police and also identified the photographs taken by the surveillance camera. In addition, she identified appellant as one of the robbers at the trial.

■ Appellant claims the trial court erred in admitting State's Exhibits 2 through 21 into evidence. These exhibits were photographs which were taken by the surveillance camera during the robbery. The film was developed by the Indianapolis Police Department Processing Laboratory. At trial, Detective Hilligoss testified that he had unloaded the film from the camera and taken the same to the laboratory where it was processed. He was unable to say that the photographs were a true and accurate portrayal of that which they purported to show.

For this reason, appellant claims the exhibits should not have been placed in evidence, citing *Williams v. State* (1979), 271 Ind. 476, 393 N.E.2d 183. However, Weaver identified the photographs as accurate representations of what they purported to show. The trial court therefore did not err in allowing them in evidence. *Boyd v. State* (1986), Ind., 494 N.E.2d 284, *cert. denied*, 479 U.S. 1046, 107 S.Ct. 910, 93 L.Ed.2d 860.

■ Appellant contends the trial court erred in its imposition of consecutive sentences and that to do so was cruel and unusual. The trial court imposed enhanced sentences pursuant to Ind.Code § 35-38-1-7. Although the statute sets out factors which may be considered by the trial court as aggravating, those factors are not exclusive and the court may in its discretion consider other relevant factors. *Brooks v. State* (1986), Ind., 497 N.E.2d 210.

■ Appellant emphasizes the fact that the trial court mentioned lack of remorse

as one of its factors and cites *Guenther v. State* (1986), Ind.App., 495 N.E.2d 788 as authority for the proposition that it is improper for the trial judge to use remorse as an aggravating circumstance. However, as the State points out, *Guenther* was transferred to the Supreme Court, *Guenther v. State* (1986), Ind., 501 N.E.2d 1071. In the opinion on transfer, this Court held that the reasons used by the trial court in its sentencing determination were sufficient and proper, including lack of remorse.

■ In the case at bar, the trial court used the following aggravating factors: 1) an extensive criminal history marked by violence; 2) an unrepentant attitude; 3) his inability to conform with the rules of society; and 4) his generally dangerous conduct while on the streets of the community. The trial court did not err in imposing the enhanced sentences and in ruling that they should run consecutively.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.