Patricia Anna JOHNSON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 46S03–9111–CR–897.

Supreme Court of Indiana.

Nov. 14, 1991.

Atley C. Price, Donald W. Pagos, Michigan City, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

The defendant's convictions on four counts of felony murder were affirmed in an unpublished memorandum opinion by the Court of Appeals. 553 N.E.2d 532. Among the errors claimed in her petition to transfer, the defendant asserts that the Court of Appeals failed to address her contention that the trial court erred in imposing consecutive sentences absent the existence of aggravating circumstances and despite claimed mitigating circumstances. She is correct. This unresolved issue was included among those presented on appeal.

We therefore grant transfer as to this issue. In all other respects, the decision of the Court of Appeals is summarily affirmed pursuant to Ind.Appellate Rule 11(B)(3).

■ The defendant was sentenced to 40 years on each of four separate counts of felony murder. Counts I and II were ordered served concurrently, but consecutively with the concurrent sentences ordered for Counts III and IV. The charges arose from the deaths of four people who died from smoke inhalation in a fire started by the defendant at a private residence.

The defendant contends that the aggravating circumstances cited by the trial court are insufficient to support the imposition of consecutive sentences. At sentencing, the trial court stated:

> Now then, the Court states as its reasons for assessing consecutive sentences, which I am required to do, that she killed two people who had nothing to do with whatever justification she believed she had for punishing her husband and his girlfriend. By her own admission, she did not even know the Kirbys. Yet she knew of or should have known that they were in the house at the time she set the fire. This was a callous and cruel act showing no regard for human life and warrants the consecutive sentence.

Record at 100.

■ In determining whether to impose consecutive terms of imprisonment, the trial court may consider several statutory factors. Ind.Code § 35–38–1–7 (repealed by Pub.L. No. 1–1990, § 344 (1990), for present law, see Ind.Code § 35–38–1–7.1). The defendant acknowledges that these factors are not exclusive. The trial court may in its discretion consider other relevant factors. *Ballard v. State* (1988), Ind., 531 N.E.2d 196. We find the trial court's statement of aggravating circumstances to be sufficient to support the imposition of consecutive sentences.

■ The defendant also contends that the trial court failed to identify and consider various mitigating circumstances including that the crime resulted from circumstances unlikely to reoccur, that the defendant had no prior felony criminal activity, that she was unlikely to commit another crime, and that long term imprisonment would cause undue hardship upon her dependents.

The failure to find mitigating circumstances that are clearly supported by the record may imply that they were overlooked and not properly considered. *Jones v. State* (1984), Ind., 467 N.E.2d 681. However, there is no duty on the trial court to make an affirmative finding expressly negating each potentially mitigating circumstance. *Stout v. State* (1988), Ind., 528 N.E.2d 476. We conclude that, under the circumstances presented by this case, it was not error to omit specific reference to the mitigating factors now claimed by the defendant.

Judgment affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and KRAHULIK, JJ., concur.