Michael JONES, Appellant,

v.

STATE of Indiana, Appellee.

No. 46S00–9210–CR–00821.

Supreme Court of Indiana.

June 2, 1993.

David E. Vandercoy, Valparaiso, for appellant.

Pamela Carter, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

This is an appeal from a plea of guilty to two counts of Murder. Appellant was sentenced to two sixty (60) year terms to be served concurrently.

The facts are: On October 14, 1991, appellant killed Byrl and Lois Haught at their home in Michigan City, Indiana. Prior to committing that crime, appellant had stolen a loaded .38 caliber revolver in its holster and some jewelry from a friend's house.

He stated that he intended to go downtown and sell the revolver.

As appellant left his house, he noticed Mr. Haught sweeping his porch. Appellant decided to try to get some money from the Haughts. He forced Mr. Haught into the house and then forced both Mr. and Mrs. Haught to go to the basement. The defendant claims the pistol discharged accidentally as they descended the stairs, that he then panicked and began firing the pistol, and that immediately after the shooting he went to a neighbor's house and called the police notifying them that he had heard shots coming from the Haught residence. When police arrived, they found both Mr. and Mrs. Haught dead in the basement. Mr. Haught had a single bullet wound in his right shoulder and Mrs. Haught had two wounds in the right shoulder and a wound in the lower left back.

Appellant claims the lower court erred in failing to consider mandatory factors pursuant to Ind.Code § 35–38–1–7.1(a) in determining appellant's sentences. The statute provides that the court shall consider:

"(1) the risk that a person will commit another crime;

(2) the nature and circumstances of the crime committed;

(3) the person's:

(A) prior criminal record;

(B) character; and

(C) condition;

(4) whether the victim of the crime was ... at least sixty-five (65) years of age; . . . ."

■ Appellant takes the position that the trial court did not consider each of these statutory requirements in rendering his sentence. Appellant concedes that the court did note that the victims were over sixty-five years of age and that appellant had no history of criminal or delinquent activity. However, he contends the trial court wholly failed to consider four criteria mandated by the statute. We previously held that there is no requirement that the trial court specifically address and discuss each of the factors listed in the statute. Nor is he required to expressly negate each potentially mitigating circumstance. *John-*

*son v. State* (1991), Ind., 580 N.E.2d 959. One valid aggravating circumstance will sustain an enhanced sentence on appeal. *Reaves v. State* (1992), Ind., 586 N.E.2d 847.

■ The trial judge thoroughly went over the aggravating circumstances upon which he relied, including the fact that appellant had deliberately entered the home with the stated intent of committing a robbery. The trial judge further found that he did not believe appellant's statement that the gun was accidentally discharged. The judge found that the facts placed in evidence concerning the manner in which the victims apparently were killed indicated a deliberate killing.

The trial court also recognized mitigating circumstances as being that appellant was sixteen years of age at the time of the crime and that he had no prior arrest record or juvenile record. Appellant contends however that the trial judge failed to take into consideration the unlikelihood of his repeating criminal activity. We find nothing in this record to support appellant's contention that he would be unlikely to commit future crimes other than appellant's own statement to that effect. In taking appellant's age into consideration, he recommended to the Department of Correction that appellant be held at the Youth Center at Plainfield and that he be given the opportunity to complete his high school education. We find no error in the manner in which appellant was sentenced.

■ Appellant contends the trial court erred in considering, identifying, evaluating and balancing the mitigating and aggravating factors. Appellant claims that a sentence may not be imposed on both felony murder and its underlying felony, citing *Swafford v. State* (1986), Ind., 498 N.E.2d 1188 and *Biggerstaff v. State* (1982), Ind., 432 N.E.2d 34. We agree with appellant's observation in this respect; however, the trial court did not sentence appellant for both felony murder and the underlying felony. The court merely observed that in considering whether the shooting was accidental it took into consideration appellant's

own statement that he entered the Haught home with the intent to commit a robbery. The above-cited cases do not prevent such a consideration by the trial court in weighing the facts as presented by a defendant at a sentencing hearing.

In determining what sentence to impose, the trial judge is entitled to consider factors relating to the specific facts of the crime and the defendant's character. *Reinbold v. State* (1990), Ind., 555 N.E.2d 463. We find no error in the manner in which the trial court evaluated the evidence in this case.

Appellant claims the trial court erred when it enhanced his sentences to compensate for a provision in the plea recommendation which provided for the sentences to be served concurrently. In his findings following the sentencing hearing, the trial judge in part found "the defendant has already received consideration for this particular weighing of events in that the court is precluded from consecutive sentencing." This statement was referring to the plea agreement in which the State agreed that the sentences should be served concurrently.

Although the trial judge made this statement in the record, there is no indication that it was an element in the enhancement of the sentence. The statement immediately following the quote above was: "I must add, though, that I feel that the plea agreement entered into by the State and the Defendant was appropriate." At most, the statements by the trial judge indicate that he felt it was entirely proper to render concurrent sentences. His stated reasons for enhancing the sentences were solely those set out above. Again, we see no error in the manner in which the sentences were rendered.

Appellant contends the lower court erred when it failed to consider and identify mitigating factors clearly supported by the record. As stated above in this opinion, the trial court in fact did consider appellant's age and his lack of criminal record. We previously have held there is no duty on the trial court to make an affirmative finding expressly negating each potentially mit-

igating circumstance. *Johnson, supra.* However, in this case the trial judge in fact did consider mitigators but found that they were outweighed by the aggravators. Again, we find no error in this regard.

Appellant contends the trial court made no reference to his need for rehabilitative treatment. However, we find the trial court made the following statement in its findings. "Now, it's my hope that because of his age he will go to the Indiana Youth Center and I'll also recommend appropriate rehabilitative counseling and training." We find no error here.

Appellant claims the sentences imposed were manifestly unreasonable in light of the nature of the offense and appellant's character. It is true the trial court rendered the maximum sentence on each of the charges. However, as stated above, he ordered that the sentences be served concurrently. Although appellant was only sixteen years of age at the time of the crime, he previously had committed a theft in the obtaining of the weapon with which the crime was committed, and he also had taken jewelry in that same theft.

As found by the trial court, he also admittedly entered the home for the sole purpose of committing a robbery. We previously have held that a sentence is not manifestly unreasonable if any reasonable person could find it appropriate for the particular offense and the offender. Ind.Appellate Rule 17(B)(2); *Hansford v. State* (1986), Ind., 490 N.E.2d 1083; *Johnson v. State* (1983), Ind., 455 N.E.2d 932. We do not find the sentence rendered in this case to be unreasonable.

The trial court is affirmed.

SHEPARD, C.J., and DICKSON and KRAHULIK, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

In sentencing, the trial court made specific reference to the two mitigating factors that appellant Jones was sixteen (16) years of age at the time of the killings, and

that he had no juvenile or criminal record. However, the trial judge made no specific reference to other evidence of mitigating factors, including evidence that (1) appellant was an acolyte and helper at his church, (2) within minutes after the shootings, appellant called the police in an attempt to get help for the victims, (3) appellant was remorseful for his crimes, and (4) appellant was raised in a fatherless family. I am satisfied that the sentencing court failed to find or otherwise deal with important mitigating circumstances that were clearly supported by the record. *Johnson v. State* (1991), Ind., 580 N.E.2d 959. I would therefore set aside the sentence and remand for a reconsideration of sentence and a new sentencing order.